PEOPLE v RODERICK JOHNSON

Docket No. 77-2582. Submitted June 19, 1978, at Detroit.—Decided September 21, 1978.

Roderick Johnson was convicted, on his plea of guilty, of delivery of heroin, in Recorder's Court of Detroit, Geraldine Bledsoe Ford, J. Defendant appeals, alleging that the prosecutor's agreement not to file a habitual offender charge and to allow the plea conviction sentence to be served concurrently with a sentence imposed for conviction of three crimes committed after the guilty plea offense was coercive and illusory, and therefore rendered his plea invalid. *Held:*

The use of a potential habitual offender charge as a tool to induce a plea is not improper. However, the accused must in fact be subject to a habitual offender charge. In the present case the offense to which the defendant pled guilty occurred prior to the trial convictions; therefore, under the recidivist statute, those convictions cannot be used as the basis for a habitual offender charge. Because the record is unclear as to whether the defendant had any felony convictions prior to the commission of the offense to which he pled guilty, the case is remanded for an evidentiary hearing.

Remanded.

1. CRIMINAL LAW—PLEA OF GUILTY—HABITUAL OFFENDERS—INDUCE-
MENT OF PLEA.

A prosecutor may threaten to charge a defendant with a habitual offender prosecution, if applicable, in order to induce a plea, or may promise to forego such a prosecution in exchange for a plea; however, if a plea is induced by a promise to forego a recidivist proceeding where no such proceeding would be warranted, the defendant is per se misinformed as to the benefit of his plea and the bargain is illusory.

2. CRIMINAL LAW—SECOND OFFENDERS—RECIDIVIST STATUTE—STAT-
UTES.

A defendant's first felony *conviction* must predate the defendant's *commission* of a second felony in order for the defendant to be

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 485.
[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 6.

charged as a second offender under the recidivist statute (MCL 769.10; MSA 28.1082).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Edward R. Wilson,* Principal Attorney, Appeals, and *Robert T. Monk,* Assistant Prosecuting Attorney, for the people.

*William A. House,* for defendant on appeal.

Before: D.C. RILEY, P.J., and M.F. CAVANAGH and B.M. HENSICK,* JJ.

PER CURIAM. Defendant Roderick Johnson was convicted, on his plea of guilty, of delivery of heroin, contrary to MCL 335.341(1)(a); MSA 18.1070(41)(1)(a), and was sentenced to a prison term of 8 to 20 years.

Defendant alleges that his plea was not voluntary or knowing because of the nature of the plea bargain. He had previously been convicted, at a single trial, of three counts of delivery of heroin. In exchange for his plea, the prosecution agreed that his sentence on the instant charge would be concurrent with the sentence imposed for the earlier convictions and that no habitual offender information would be filed. It is now contended that the agreement not to initiate a supplemental information charging defendant as a habitual offender was coercive and illusory, thereby invalidating the plea.

The use of a potential habitual offender charge as a plea bargaining tool has been upheld in a recent decision of the United States Supreme Court. *Bordenkircher v Hayes,* 434 US 357; 98 S Ct 663; 54 L Ed 2d 604 (1978). Under *Bordenkircher,* a prosecutor may threaten to charge a defendant

---

* Circuit judge, sitting on the Court of Appeals by assignment.

with a habitual offender prosecution, if applicable, in order to induce a plea, or may promise to forego such a prosecution in exchange for a plea. On its face the plea bargain in the case at bar thus would be valid and enforceable.

However, we perceive from the record below what may be a more basic problem. Implicit in the proper use of a habitual offender charge as a plea bargaining tool is the legal applicability of the recidivist statutes to the particular defendant. The accused must be in fact a potential subject of habitual offender supplementation if this factor is to play a part in the plea negotiations. If the plea is induced by a promise to forego a recidivist proceeding, when no such proceeding would be warranted, the defendant is per se misinformed as to the benefit of his plea and the bargain is illusory. See *People v Lawson*, 75 Mich App 726; 255 NW2d 748 (1977), *Hammond v United States*, 528 F2d 15 (CA 4, 1975).

The prosecutor below stated on the record that defendant, in exchange for his plea, would not be supplemented as a second-time offender. Michigan's recidivist statute for second-time offenders reads in part, as follows:

"A person, who *after having been convicted* within this state of a felony, or an attempt to commit a felony, or, under the laws of any other state, government or country, of a crime which if committed within this state, would be a felony, *commits any felony* within this state, is punishable upon conviction as follows: * * * ." (Emphasis added.) MCL 769.10; MSA 28.1082.

As this language should make clear, in order for a defendant to be supplemented as a second-time offender, the first felony *conviction* must predate the *commission* of the second felony. It is not

sufficient if merely the convictions, or for that matter the commission of the offenses, are separate in time.[1]

In the present case defendant was tried and convicted of three counts of delivery of heroin. Defendant entered his plea to the present offense while before the court for sentencing on the three trial convictions. As we stated earlier, his plea was given in exchange for a promise that no habitual offender information would be brought and that his sentence on the plea-based conviction would run concurrently with those imposed on the trial convictions.

Our uncertainty concerning this bargain stems from certain statements on the record that raise the issue of whether defendant indeed could have been charged as a habitual offender. At an early point in the proceeding, defendant's counsel on the trial conviction cases, speaking in regard to the sentence to be imposed, stated that the defendant was a first offender. Later, defendant's counsel on the current charge stated that the drug sales that led to both the current charge and the trial convictions occurred during the same period of time. Further, the offense at issue was committed on April 7, 1976, the trial convictions on March 17, 1977, and the plea on May 16, 1977. If in fact defendant had no felony convictions prior to April 7, 1976, he could not have been charged as a habitual offender, even after the three trial convictions.

We therefore must remand the matter for an

---

[1] If the commission of the second felony occurs after the commission of the first, but prior to the conviction on the first, the defendant will be subject to potential consecutive sentencing upon conviction of the second rather than to a supplemental habitual offender charge. MCL 768.7b; MSA 28.1030(2).

evidentiary hearing. If defendant is found to have one or more felony convictions prior to April 7, 1976, his plea conviction is affirmed. On the other hand, if there are no such prior convictions, the plea bargain must be deemed illusory and the conviction reversed.

Remanded for proceedings consistent with this opinion.