PEOPLE v PHILLIP SMITH

Docket Nos. 77-1928, 77-1929. Submitted March 21, 1979, at Detroit.—
Decided June 6, 1979. Leave to appeal applied for.

Phillip Smith, also known as Bobby Mack, was convicted, on his
plea of guilty, of three separate counts of armed robbery,
Recorder's Court of Detroit, George W. Crockett, Jr., J. The
defendant appeals. *Held:*

The defendant entered his pleas of guilty in return for the
agreement of the prosecutor not to charge the defendant as a
habitual offender. However, since the defendant had no prior
conviction, he was not subject to being charged under the
habitual offender statute. The bargain was, therefore, illusory.

Reversed.

M. J. KELLY, J., dissented. He would hold that the defendant
entered his pleas of guilty as part of a bargain which reduced
his multiple exposure to life maximum sentences to three
concurrent sentences of 10 to 15 years and that any reference
by the prosecutor to habitual proceedings was not part of any
bargain.

He would affirm.

OPINION OF THE COURT

1. CRIMINAL LAW — MULTIPLE OFFENDER — HABITUAL OFFENDER —
FELONIES — STATUTES.

A first felony conviction must predate the commission of a second
felony in order for a defendant to be subject to a supplemen-
tary information under the multiple offender recidivist statutes
(MCL 769.10 *et seq.;* MSA 28.1082 *et seq.*).

2. CRIMINAL LAW — PLEAS OF GUILTY — PLEA BARGAINS — ILLUSORY
BARGAIN — RECIDIVIST PROCEEDINGS.

A defendant entering a plea of guilty pursuant to a plea bargain
was per se misinformed as to the benefit of his plea and the

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 6.

[2, 3] 21 Am Jur 2d, Criminal Law § 485.

Coercion, compulsion, or duress as defense to criminal prosecution.
40 ALR2d 908.

bargain was hence illusory where the plea was induced by a promise to forego a recidivist proceeding but no such proceeding was warranted.

DISSENT BY KELLY, J.

3. CRIMINAL LAW — PLEAS OF GUILTY — PLEA BARGAINS — SENTENCES.

A defendant's pleas of guilty were not in response to an illusory bargain and his plea-based convictions should be affirmed where the plea bargain reached with the prosecution reduced the defendant's multiple exposure to life maximum sentences to three concurrent sentences of 10 to 15 years and the defendant was sentenced accordingly; therefore, the defendant received the benefit which he bargained for.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Principal Attorney, Appeals, and *Anne B. Wetherholt,* Assistant Prosecuting Attorney, for the people.

*Ruby & Ruby, P.C.,* for defendant on appeal.

Before: D. C. RILEY, P.J., and M. J. KELLY and BEASLEY, JJ.

D. C. RILEY, P.J. On February 11, 1977, defendant Phillip Smith, 15 years old, pled guilty to three separate counts of armed robbery, MCL 750.529; MSA 28.797, pursuant to the following plea bargain:

"The People also would promise that if Your Honor would sentence on sentencing date this defendant to a minimum term of ten years or more, we would not prosecute him as a Habitual. And that's a promise we made based on sentencing, so that's a conditional promise that we have made."

Defendant was sentenced to three concurrent terms of 10 to 15 years imprisonment, appeals two

of the convictions by right, and alleges that, as he could not have been prosecuted as a habitual offender, his guilty pleas were involuntary due to the illusory nature of the prosecutor's bargain. Our careful review of the record persuades us to agree.

Under Michigan's multiple offender recidivist statutes, MCL 769.10 *et seq.;* MSA 28.1082 *et seq.,* in order for a defendant to be subject to supplementation, the first felony *conviction* must predate the *commission* of the second felony. *People v Roderick Johnson,* 86 Mich App 77, 79; 272 NW2d 200 (1978). The record discloses that at the time defendant committed each offense to which he pled guilty, he had not been convicted of any previous felonies. Nor does the fact that each of defendant's present felonies to which he pled were committed at different points in time alleviate the infirmity. *People v Roderick Johnson, supra,* at 79-80.

As defendant's plea was induced by a promise to forego a recidivist proceeding where no such proceeding was warranted, defendant was per se misinformed as to the benefit of his plea and the bargain was hence illusory. *People v Roderick Johnson, supra,* at 79. See *People v Lawson,* 75 Mich App 726; 255 NW2d 748 (1977), *Hammond v United States,* 528 F2d 15 (CA 4, 1975).

Defendant's convictions are reversed.

Beasley, J., concurred.

M. J. Kelly, J. *(dissenting).* In case No. 7608738, defendant was charged with five counts: two counts of criminal sexual conduct in the second degree, two counts of armed robbery and one count of unlawfully driving away a motor vehicle. He was bound over on all five counts. In case No. 7608751, defendant was charged with armed robbery with a starter pistol, and in case No. 7608766, he was charged with armed robbery with a sawed-

off shotgun. The consideration for his guilty pleas appears to have been a sentence bargain reducing his multiple exposure to life maximum sentences to three concurrent sentences of 10 to 15 years. The trial judge well knew that defendant was not exposed to supplementation as a habitual offender. At the plea proceeding, the court asked:

"*The Court:* Have you ever been in a criminal court before?

"*The Defendant:* No, sir.

"*The Court:* Have you ever pleaded guilty to anything before?

"*The Defendant:* No, sir."

At sentencing, the court summarized the bargain:

"Well, I see from this report that these three offenses are not the limit of your violations. You still have some cases pending over at Juvenile Court. Is that right?

"*The Defendant:* Yes, sir.

"*The Court:* One is carrying a concealed weapon. Another one is larceny from a building. And a third one is another charge of armed robbery. Is that right?

"*The Defendant:* Yes, sir.

"*The Court:* Prior to your plea in this case, I had some discussions with your lawyers, and I told them that unless I was persuaded otherwise after reading the probation report, I would be disposed to send you to Jackson for not less than ten and not more than fifteen years."

I think the prosecutor's reference to habitual offender proceedings was gratuitous and no part of any bargain. As such, I do not find the instant plea bargain illusory.

I would therefore affirm or, at the very most, remand for a hearing in the trial court as to whether the prosecutor's agreement not to supplement the defendant was any material part of the consideration for the defendant's pleas.