PEOPLE v WESTBROOK

Docket No. 44437. Submitted September 3, 1980, at Grand Rapids.—
Decided December 3, 1980.

Eugene R. Westbrook pled guilty to larceny from a motor vehicle
and was sentenced to prison, Kent Circuit Court, Stuart
Hoffius, J. He appeals, alleging that his conviction was based on
an illusory plea bargain and must be reversed. *Held:*

At the time that the plea-bargain agreement was made,
defendant had not yet been convicted of the charged felony and
the prosecutor could have properly filed habitual offender
charges against him. The prosecutor's promise to forego such
filing was not made illusory by the rule which requires the
filing of habitual offender informations simultaneously with the
current felony charges since that rule was announced subse-
quent to the filing of the charges and has been held to have
prospective effect only. Defendant received a benefit from the
agreement.

Affirmed.

1. Criminal Law — Supplemental Informations — Habitual Of-
fenders.

A supplemental information charging a defendant as an habitual
offender should be filed promptly, if at all, where the prose-
cutor knows a person has a prior felony record and simultane-
ously with current charges where the office of the prosecutor
prosecuted the prior felony charges and, thus, is presumed to
know of a defendant's record, but a prosecutor is not foreclosed
from a post-conviction proceeding against a defendant as an
habitual offender where he is unaware of the prior felony
record.

2. Criminal Law — Supplemental Informations — Habitual Of-
fenders — Simultaneous Filing Rule — Prospective Appli-
cation.

The rule that supplemental informations charging a defendant as

References for Points in Headnotes
[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
§§ 20, 21.
[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 6.
[3] 21 Am Jur 2d, Criminal Law § 491.5.

an habitual offender should be filed simultaneously with current felony charges should be applied prospectively from the date of the decision which announced the rule.

3. CRIMINAL LAW — PLEA-BARGAIN AGREEMENTS — HABITUAL OFFENDERS — SUFFICIENCY OF CONSIDERATION.

A plea-bargain agreement to forego the filing of an habitual offender information against a defendant in exchange for a plea of guilty to a current felony charge involves a sufficient, nonillusory benefit to the defendant to support the agreement where a prosecutor could have filed such charges against the defendant at the time the bargain was made.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*George S. Buth,* for defendant on appeal.

Before: MacKENZIE, P.J., and ALLEN and D. F. WALSH, JJ.

PER CURIAM. On October 18, 1978, defendant pled guilty as charged to the offense of larceny from a motor vehicle, MCL 750.356a; MSA 28.588(1), and was subsequently sentenced to 2 to 5 years imprisonment with credit for time served. He appeals as of right.

Defendant's sole contention on appeal is that his plea-based conviction must be reversed because it resulted from an illusory plea bargain. In exchange for defendant's agreement to plead guilty as charged, the prosecutor promised not to file a supplemental information charging defendant as an habitual offender. Conceding that he could originally have been charged as a second-felony offender based on a 1967 armed robbery conviction, defendant argues that, at the time of his plea,

the prosecutor had lost any right to file a supplemental information under *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979). See *People v Roderick Johnson,* 86 Mich App 77; 272 NW2d 200 (1978).

*Fountain* has been construed to have set forth three distinct rules regarding deadlines for filing supplemental informations: (1) a prosecutor who knows a person has a prior felony record must promptly proceed, if at all, against the person as an habitual offender, (2) the prosecutor is not foreclosed from proceeding against a person as an habitual offender after conviction on the current offense *provided* he is unaware of a prior felony record until after conviction, and (3) the habitual-offender information should be filed simultaneously with the informations charging the current felonies where the prosecutors' respective offices prosecuted the prior felonies and must be presumed to have known of the defendants' prior felony records. *People v Stankiewicz,* 101 Mich App 476; 300 NW2d 611 (1980), *People v Mohead,* 98 Mich App 612; 295 NW2d 910 (1980).

Since the information charging the current felony herein was filed September 28, 1978, eleven months before *Fountain* was released on August 28, 1979, the success of defendant's argument hinges on whether the rules in *Fountain* are applied retrospectively, purely prospectively, or in some intermediate fashion.

Defendant's argument is premised on the third rule from *Fountain*—that, in order to enhance the sentence herein, the prosecutor had to file a recidivist information at the time of filing the information charging the current felony. However, for the reasons stated in *Mohead,* we agree that *Fountain's* "simultaneous filing rule" created a new

rule of law which should be applied prospectively only to cases in which informations charging current felonies were filed after *Fountain's* release date. The case at bar does not fall within that class. See *Mohead, supra, Stankiewicz, supra.*

We are of the opinion that *Fountain's* second rule—the "preconviction filing rule"—is not applicable to the case at bar, a negotiated plea bargain. At the time of the plea bargain, since defendant had not yet been convicted, the prosecutor could have filed habitual offender charges without violating the preconviction filing rule. Therefore, the promise to forego filing habitual offender charges was not rendered illusory by the preconviction filing rule. Furthermore, in *Stankiewicz, supra,* we held that the preconviction filing rule is not to be given retroactive effect to cases, such as the case at bar, where the informations charging the current felonies were filed prior to the release of the *Fountain* opinion on August 28, 1979.

Finally, it must be determined whether the prosecutor violated *Fountain's* first rule—that a prosecutor with knowledge of an accused's record must proceed promptly, if at all, in filing recidivist charges. See *Stankiewicz, supra.* In *Stankiewicz,* we held that the promptness principle was an old rule of law, and, therefore, no retroactivity question is raised. However, defendant herein has not shown that he has been prejudiced due to unexplained prosecutorial delay. See *Stankiewicz, supra, People v Marshall,* 41 Mich App 66, 73; 199 NW2d 521 (1972). From the plea-bargain negotiations, defendant was well aware that the prosecutor intended to file recidivist charges if defendant did not plead guilty. Defendant was not prejudiced any more than if the prosecutor had filed recidivist charges and agreed to drop them as

part of the plea bargain. Thus, as the prosecutor could have proceeded against defendant as an habitual offender at the time of entering into the plea bargain, defendant received a benefit, and the bargaining agreement was not illusory.

Affirmed.