PEOPLE v LEITNER

Docket No. 50431. Submitted November 3, 1980, at Detroit.—Decided
    April 22, 1981.

    John Leitner pled guilty in Detroit Recorder's Court to a charge
    of assault with intent to commit murder and was sentenced to
    10 to 15 years imprisonment, James E. Roberts, J. He agreed to
    plead guilty pursuant to a promise that the minimum sentence
    imposed would be no more than 10 years. The trial judge
    indicated that, if defendant's presentence report convinced him
    that a longer minimum term was justified, the plea could be
    withdrawn. At the request of defense counsel, the prosecutor
    agreed not to pursue an habitual offender prosecution. Defen-
    dant appeals, contending that his conviction was the product of
    an illusory plea bargain because the prosecutor did not file an
    habitual offender information against him promptly and, hav-
    ing failed to do so, was precluded from proceeding against
    defendant as an habitual offender. *Held:*

    A prosecutor is not precluded from using the possibility of a
    supplemental information as a bargaining point during plea
    negotiations provided that the rule of promptness is not vio-
    lated. If the plea agreement in the instant case had fallen
    through, a supplemental information charging defendant as an
    habitual offender might yet have been filed promptly. Less than
    two months had passed from the date of defendant's arrest to
    the time he pled guilty, and an actual trial date had not yet
    been set. If defendant had not pled guilty, he could not have
    later complained that the required notice of the prosecutor's

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 3-5] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
    § 15.
    63 Am Jur 2d, Prosecuting Attorneys § 22.
[2, 7] 21 Am Jur 2d, Criminal Law § 491.5.
    39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20,
    21.
    Power of court to make or permit amendment of indictment with
    respect to allegations as to prior convictions. 17 ALR3d 1265.
[3, 6] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
    §§ 20, 21.

intent to file a supplemental information was lacking since he would have received such notice long before the trial date. A supplemental information must allege the convictions upon which it is based and the dates thereof. Until plea negotiations are completed and a plea is accepted, there is no conviction upon which the prosecution can base the habitual offender information. For these reasons, there is no strict requirement that habitual offender charges be filed simultaneously with the information charging the last felony when the prosecution is aware of the prior offenses. Defendant's guilty plea was not based upon an illusory plea bargain.

Affirmed.

D. C. RILEY, P.J., dissented. She would hold that there was a reversible error because the prosecutor failed to comply with the rule that a prosecutor who knows that a person has a prior felony record must proceed promptly, if at all, against the person as an habitual offender. She would reverse.

### OPINION OF THE COURT

1. CRIMINAL LAW — PROSECUTING ATTORNEYS — HABITUAL OFFEND-
   ERS.

   A prosecutor must proceed promptly against a defendant as an habitual offender when he becomes aware of the fact that the defendant has a prior felony record.

2. CRIMINAL LAW — PROSECUTING ATTORNEYS — PLEA NEGOTIATIONS
   — SUPPLEMENTAL INFORMATIONS.

   A prosecutor is not precluded from using the possibility of a supplemental information as a bargaining point during plea negotiations provided that the rule of promptness is not violated.

3. CRIMINAL LAW — SUPPLEMENTAL INFORMATIONS.

   The rule that a prosecutor must proceed promptly against a person as an habitual offender does not require that the habitual offender charges be filed simultaneously with the information charging the last felony; the rule is satisfied if the prosecutor advises the defendant in writing of his intent to file a supplemental information.

### DISSENT BY D. C. RILEY, P.J.

4. CRIMINAL LAW — PROSECUTING ATTORNEYS — HABITUAL OFFEND-
   ERS.

   A prosecutor must proceed promptly against a defendant as an

habitual offender when he becomes aware of the fact that the defendant has a prior felony record.

5. CRIMINAL LAW — PROSECUTING ATTORNEYS — HABITUAL OFFEND-ERS.

*A prosecutor is not foreclosed from proceeding against a person as an habitual offender after conviction on the current offense provided he is unaware of a prior felony record until after conviction.*

6. CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTAL INFOR-MATIONS.

*A supplemental information against an habitual offender should be filed simultaneously with the information charging the current felony where the prosecutors' respective offices prose-cuted the prior felonies because they are thereby presumed to have known of the defendant's prior felony records.*

7. CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTAL INFOR-MATIONS.

*A supplemental information against an habitual offender will not be considered promptly filed unless it is filed at least prior to the initiation of any plea negotiations.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Prin-cipal Attorney, Appeals, and *Timothy L. Cronin,* Assistant Prosecuting Attorney, for the people.

*Roman S. Karwowski,* for defendant on appeal.

Before: D. C. RILEY, P.J., and J. H. GILLIS and V. J. BRENNAN, JJ.

J. H. GILLIS, J. On December 21, 1979, defendant pled guilty as charged to the offense of assault with intent to commit murder, MCL 750.83; MSA 28.278, and was subsequently sentenced to 10 to 15 years imprisonment. He appeals as of right.

Defendant argues that his conviction was the product of an illusory plea bargain and, therefore, must be reversed. Defendant agreed to plead guilty

pursuant to a promise that the minimum sentence term imposed would be no more than 10 years. The trial judge indicated that, if defendant's presentence report convinced him that a longer minimum term was justified, the plea could be withdrawn. At the request of defense counsel, the prosecutor agreed that he would not pursue an habitual offender prosecution. MCL 769.10 *et seq.;* MSA 28.1082 *et seq.*

Defendant's guilty plea was accepted nearly four months after the Supreme Court's decision in *People v Fountain* and *People v Jones,* 407 Mich 96; 282 NW2d 168 (1979). The question on appeal is whether that decision would have precluded the prosecution from filing a supplemental information had the plea negotiations broken down.

The crux of the *Fountain* decision is that a prosecutor must proceed promptly against a person as an habitual offender when he becomes aware of a prior felony record. *Id.,* 98. Prompt action avoids the appearance of prosecutorial impropriety. Conceivably, a supplemental information could be used to punish a defendant who decides to appeal his conviction. Likewise, some unfairness could result from postconviction supplementation where a defendant is convicted, by plea or trial, without knowing the ultimate consequences imposed by the habitual offender statute.

Nonetheless, *Fountain* does not preclude the prosecution from using the possibility of a supplemental information as a bargaining point during plea negotiations, provided that the rule of promptness is not violated. As stated in *People v Haywood,* 97 Mich App 621, 624; 296 NW2d 127 (1980):

"The *Fountain* pronouncement does not preclude the

prosecutor from proceeding with a prosecution under the habitual offender act as long as the prosecutorial action is prompt and provides fair notice to the defendant sufficiently in advance of a trial on the current charge. And, in the instant situation, at the time the plea bargain was made and accepted, defendant was, in fact, a potential subject of habitual offender supplementation. The defendant was well apprised of this fact as attested to by his plea bargain. Further, the prosecutor, absent such plea agreement, could have promptly proceeded to supplementation. Therefore, the offer by the prosecutor to forego supplementation as part of the plea agreement cannot be considered illusory."

Had the plea agreement in the instant case fallen through, a supplemental information charging defendant as an habitual offender might yet have been promptly filed. Defendant was arrested on October 24, 1979, the day of the offense. He was arraigned on the warrant the following day. Defendant was bound over for trial following a preliminary examination on November 1, 1979. He was arraigned on the information that same day and a calendar conference scheduled for November 14, 1979. At that calendar conference, it was agreed that any pretrial motions would be heard on December 12, 1979, and that a final conference would be held on December 19, 1979. No motions were filed and defense counsel failed to appear at the scheduled conference. Proceedings were adjourned and defendant's plea was subsequently accepted on December 21, 1979. At the time of defendant's plea, less than two months had passed since defendant's initial arrest. An actual trial date had not been scheduled. Had defendant not pled guilty, he could not later complain that the *Fountain*-required notice was lacking since he received it long before the trial date.

Defendant argues that *Fountain* establishes a

strict requirement that habitual charges be filed simultaneously with the information charging the last felony when the prosecution is aware of the prior offenses. *People v Fountain, supra,* 99. We disagree. A supplemental information must allege the convictions upon which it is based and the dates thereof. Until plea negotiations are completed and a plea accepted there is no conviction upon which the prosecution can base the habitual information. A more appropriate rule would require the prosecutor to advise the defendant in writing of his intent to file a supplemental information.

Defendant's guilty plea was not based upon an illusory plea bargain.

Affirmed.

V. J. Brennan, J., concurred.

D. C. Riley, P.J. *(dissenting).* I respectfully dissent.

Defendant's sole contention on appeal is that his plea-based conviction resulted from an illusory plea bargain and, therefore, must be reversed. In exchange for defendant's agreement to plead guilty as charged, the trial judge promised that the maximum minimum sentence he would impose would be ten years. The judge carefully explained that, should the presentence investigation report convince him that a ten-year minimum was too lenient, the defendant would have the option of withdrawing his plea. In addition, the prosecutor indicated that, if the defendant pled guilty, his office would not file a supplemental information charging defendant as an habitual offender. According to appellant's brief, the prosecutor was aware that defendant had two prior felony convictions.

The question on appeal is whether the Supreme Court's decision in *People v Fountain* and *People v Jones,* 407 Mich 96; 282 NW2d 168 (1979) (hereinafter *Fountain),* requires us to reverse defendant's conviction.

*Fountain* has been interpreted as establishing three rules concerning the deadlines for filing supplemental habitual offender informations:

"(1) a prosecutor who knows a person has a prior felony record must promptly proceed, if at all, against the person as an habitual offender,

"(2) the prosecutor is not foreclosed from proceeding against a person as an habitual offender after conviction on the current offense *provided* he is unaware of a prior felony record until after conviction, and

"(3) the habitual-offender information should be filed simultaneously with the informations charging the current felonies where the prosecutors' respective offices prosecuted the prior felonies and must be presumed to have known of the defendants' prior felony records." *People v Westbrook,* 102 Mich App 296, 298; 301 NW2d 511 (1980). (Emphasis in original.)

In the instant case, there are no retroactivity problems since the filing of the information occurred subsequent to the decision in *Fountain.* Therefore, each of the three rules enunciated above are potentially applicable. See *People v Young,* 410 Mich 363; 301 NW2d 803 (1981). I would hold that the prosecutor has caused reversible error in failing to comply with rule number one, "a prosecutor who knows a person has a prior felony record must promptly proceed, if at all, against the person as an habitual offender".

The meaning of what is a prompt filing was considered by a panel of this Court in *People v Martin,* 100 Mich App 447; 298 NW2d 900 (1980). I

find the following passage from *Martin* particularly instructive:

> "After *Fountain,* however, an habitual offender information will not be considered 'promptly' filed unless it is filed at least prior to the initiation of any plea negotiations. Use of the threat of supplementation in plea negotiations will always, it seems to us, carry with it the appearance at least of an attempt by the prosecutor to coerce a guilty plea which may not otherwise have been offered. *Fountain* changes the previous law, therefore, in that in order to avoid even the appearance of prosecutorial impropriety it makes the *Stratton/Hatt [People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968), *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970)]* procedure mandatory in the sense that failure to follow it will preclude the prosecution from proceeding on an habitual offender charge even absent a showing of prejudice to the defendant resulting from delay in filing the supplemental information." *Martin, supra,* 459.

Applying this principle to the facts of the instant case, the prosecutor did not file the supplemental information timely. Although the prosecutor knew that the defendant had a prior felony record, as part of the plea agreement was a promise to forbear from supplementing the defendant, he nevertheless neglected to file the information or a notice of intent to file a supplemental information prior to the plea negotiations, thereby creating, at the very least, the appearance of prosecutorial impropriety. Under the Supreme Court's decision in *Fountain,* I would, therefore, reverse.