## PEOPLE v MALLORY

Docket No. 53843. Submitted September 15, 1981, at Detroit.—Decided December 1, 1981. Leave to appeal applied for.

Donald E. Mallory pled guilty to three counts of armed robbery and two counts of possession of a firearm during the commission of a felony, Detroit Recorder's Court, John P. O'Brien, J. The defendant appeals, alleging that his plea was based on an illusory bargain. *Held:*

The prosecutor was precluded from charging the defendant as an habitual offender because of the simultaneous filing rule at the time the defendant offered his guilty plea. Thus, the prosecutor's promise to forego charging the defendant as an habitual criminal, which in part induced the defendant to plead guilty, constituted an illusory bargain, requiring vacation of the plea.

Reversed and remanded.

1. CRIMINAL LAW — SUPPLEMENTAL INFORMATIONS — HABITUAL OFFENDERS.

A supplemental information charging a defendant as an habitual offender should be filed promptly, if at all, where the prosecutor knows that a person has a prior felony record and simultaneously with current charges where the office of the prosecutor prosecuted the prior felony charges and, thus, is presumed to know of a defendant's record, but a prosecutor is not foreclosed from proceeding against a defendant as an habitual offender following a conviction where he was unaware of the prior felony record until after the present conviction.

2. CRIMINAL LAW — GUILTY PLEAS — SUPPLEMENTAL INFORMATIONS — HABITUAL OFFENDERS — SIMULTANEOUS FILING RULE — APPEAL.

A guilty plea which is induced in part by a promise by a

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.

[2] 21 Am Jur 2d, Criminal Law §§ 481, 485.
  39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 19.

prosecutor to forego charging a defendant as an habitual criminal where the prosecutor is in fact precluded from so charging the defendant by the simultaneous filing rule is based on an illlusory bargain and must be vacated on appeal.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *William T. Morris,* Assistant Prosecuting Attorney, for the people.

*Robert L. Ziolkowski,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and R. M. MAHER and D. C. RILEY, JJ.

PER CURIAM. In a single plea proceeding, defendant pled guilty to three counts of armed robbery, MCL 750.529; MSA 28.797, and two counts of possession of a firearm while in the course of a felony, MCL 750.227b; MSA 28.424(2). The charges arose out of two separate incidents. Defendant was subsequently sentenced to concurrent prison terms of from 6 to 10 years on all of the armed robbery counts and an additional two years on both felony-firearm counts, to run concurrently with each other but consecutively to the armed robbery sentences. Defendant now appeals as of right.

Defendant raises several issues on appeal. One claim, however, is dispositive of the matter and requires reversal. Defendant asserts that his guilty plea was based on an illusory bargain since it was based in part on the prosecutor's representation that he would not file an habitual-offender complaint against defendant. At the time of defendant's plea the prosecutor was already precluded by *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), from filing such a complaint.

The decision in *Fountain* set forth three proce-

dural rules regarding the filing of habitual-offender complaints:

" '(1) a prosecutor who knows a person has a prior felony record must promptly proceed, if at all, against the person as an habitual offender, (2) the prosecutor is not foreclosed from proceeding against a person as an habitual offender after conviction on the current offense *provided* he is unaware of a prior felony record until after conviction, and (3) the habitual-offender information should be filed simultaneously with the informations charging the current felonies where the prosecutors' respective offices prosecuted the prior felonies and must be presumed to have known of the defendants' prior felony records.' " *People v Westbrook,* 102 Mich App 296, 298; 301 NW2d 511 (1980). (Emphasis in original.)

In the instant case, the prosecution was constrained by the simultaneous filing requirement.

We realize that other members of this Court, when faced with this identical question, have chosen to write the simultaneous filing requirement out of *Fountain.* See, *e.g., People v Leitner,* 105 Mich App 681; 307 NW2d 405 (1981). This we cannot do. Until the Supreme Court chooses to alter the strict language of *Fountain,* we are bound to follow its mandate.[1]

The transcript of defendant's guilty plea contains the following colloquy:

*"The Court:* All right. Have I satisfied the statute and court rule?
*"Mr. Lang [Prosecuting Attorney]:* Yes, your Honor.

---

[1] "[Ours is] not to make reply[; ours is] not to reason why[; ours is] but to do [or] die [or get reversed]".—Apologies to Alfred Lord Tennyson, "The Charge of the Light Brigade" (1854). Interestingly, the Supreme Court declined to expressly disavow the simultaneous filing rule, though presented with the opportunity in *People v Young,* 410 Mich 363; 301 NW2d 803 (1981).

"*Mr. Yura [defense counsel]:* Yes, your Honor. Mr. Lang said he will not supplement.

"*Mr. Lang:* That is right, your Honor.

"*The Court:* That is part of the promise, there will be no supplemental?

"*Mr. Yura:* That's right.

"*The Court:* All right. I will accept the plea * * *."

As much as this dialogue appears to be an afterthought to defendant's plea, we can only conclude that a promise not to supplement was a part of the plea agreement. Had the prosecutor thought otherwise, he might have stated on the record that defendant's plea had no bearing on the decision to reject habitual proceedings. Such a disclaimer could have avoided the present dilemma. Since defendant's plea was based in part on the promise to forego habitual prosecution, it was the product of an illusory bargain and must be vacated.

Reversed and remanded for further proceedings.