PEOPLE v BONOITE

Docket No. 52348. Submitted February 19, 1981, at Detroit.—Decided January 5, 1982.

Carroll J. Bonoite was convicted, on his plea of guilty, of assault with intent to commit great bodily harm less than murder, in Ionia Circuit Court, Charles W. Simon, Jr., J. The defendant was originally charged with the offense to which he pled guilty. Subsequently, the prosecuting attorney filed a supplemental information charging the defendant with being an habitual offender. The defendant and the prosecutor entered into a plea bargain wherein the defendant agreed to plead guilty to the original charge in return for the prosecutor's agreeing to dismiss the habitual offender charge. The defendant appeals alleging that his conviction should be reversed because it was the product of an illusory plea bargain. *Held:*

Since the information charging the defendant with being an habitual offender was filed before the defendant's conviction on the last felony, it was filed "promptly". The defendant's conviction was not the product of an illusory plea bargain.

Affirmed.

D. C. Riley, P.J., dissented. She concludes that generally a prosecuting attorney must file the information charging a defendant with being an habitual offender simultaneously with the original information. She believes that the prosecution brought the habitual offender charge too late. She would reverse the defendant's conviction.

Opinion of the Court

1. Criminal Law — Plea-Bargaining Agreements — Habitual Offenders.

A plea bargain is illusory where a defendant's guilty plea was

References for Points in Headnotes

[1] 21 Am Jur 2d, Criminal Law §§ 470, 481, 485.

[2, 3, 6] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 17.5, 18.

[4] 20 Am Jur 2d, Courts § 74.

[5] 41 Am Jur 2d, Indictments and Informations § 200.

Power of court to make for permit amendment of indictment with respect to allegations as to prior convictions. 17 ALR3d 1265.

induced by a promise to forego habitual offender proceedings where no such proceeding would be warranted.

2. PROSECUTING ATTORNEYS — HABITUAL OFFENDERS.

A prosecuting attorney who knows that a defendant has a prior felony record should proceed promptly, if at all, against the person as an habitual offender, however, a prosecutor may proceed against a defendant as an habitual offender after conviction on the current offense provided the prosecutor is unaware of the prior felony record until after the conviction on the current charge; a prosecuting attorney is presumed to have known of a defendant's prior felony record where his office prosecuted the prior felonies.

3. PROSECUTING ATTORNEYS — HABITUAL OFFENDERS.

The requirement that a prosecutor must file an habitual offender information promptly, if at all, requires only that the prosecutor must file the habitual offender information before the defendant's conviction of the last felony.

4. COURTS — DICTA.

The dicta of a superior court is entitled to considerable deference; all that is necessary to render a decision of the Supreme Court authoritative on any point decided is to show an application of the judicial mind to the precise question adjudged, regardless of whether it was necessary to decide the question to decide the case.

5. PROSECUTING ATTORNEYS — HABITUAL OFFENDERS.

The rule mandating how a prosecuting attorney must proceed when charging a defendant as an habitual offender pursuant to a supplemental information is procedural in nature and the guilt or innocence of the accused is not at issue.

DISSENT BY D. C. RILEY, P.J.

6. PROSECUTING ATTORNEYS — HABITUAL OFFENDERS.

*A prosecuting attorney who is proceeding against a defendant as an habitual offender should file the information charging the defendant with being an habitual offender simultaneously with the original information.*

Frank J. Kelley, Attorney General, Robert A. Derengoski, Solicitor General, Randy H. Smith, Prosecuting Attorney, and Thomas C. Nelson, Assistant Attorney General, for the people.

*Gerald J. Supina,* for defendant on appeal.

Before: D. C. RILEY, P.J., and BASHARA and MacKENZIE, JJ.

MacKENZIE, J. On July 22, 1979, defendant was charged with assault with intent to commit great bodily harm less than murder, MCL 750.84; MSA 28.279. An amended information stating the same charge was filed on March 17, 1980. After various delays, the case was set for trial on April 17, 1980. However, on April 14, 1980, defendant appeared in court for arraignment on a supplemental information charging him as an habitual offender, MCL 769.11; MSA 28.1083, although no such supplemental information appears in the lower court file. It is undisputed that the prior felony convictions on which the habitual offender charge was based were obtained by the same prosecutor's office that prosecuted the instant case. During that appearance, defendant pled guilty to the original charge in return for the prosecutor's agreement to dismiss or refrain from filing the supplemental information. Defendant was sentenced to serve 6-1/2 to 10 years in prison and now appeals by right.

Defendant argues that his conviction must be reversed as the product of an illusory plea bargain. In *People v Roderick Johnson,* 86 Mich App 77, 79; 272 NW2d 200 (1978), the Court held that if defendant's plea was induced by a promise to forego habitual offender proceedings when no such proceeding would be warranted, the plea bargain was illusory. In *Roderick Johnson,* the record was unclear as to whether defendant had any felony convictions prior to the offense to which he pled guilty, and the case was accordingly remanded for an evidentiary hearing. Here defendant does not contend that he had no prior felony convictions.

Instead, defendant contends that the prosecutor brought the habitual offender charge too late in view of *People v Fountain,* 407 Mich 96, 98-99; 282 NW2d 168 (1979):

> "A prosecutor who knows a person has a prior felony record must promptly proceed, if at all, against the person as an habitual offender. *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970); *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968). The prosecutor is not foreclosed from proceeding against a person as an habitual offender after conviction on the current offense provided he is unaware of a prior felony record until after the conviction. MCL 769.13; MSA 28.1085. The only recognized exception to this rule is when the delay is due to the need to verify out-of-state felony convictions based on the 'rap sheet'. *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976).
>
> "Here the prosecutors must be presumed to have known of the defendants' prior felony records because their respective offices prosecuted the prior felonies. *The habitual offender charges should have been filed with the information which charged the last felony to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety.*" (Emphasis added.)

Recently, in *People v Ruff,* 108 Mich App 716; 310 NW2d 852 (1981), a panel of this Court analyzed *Hatt* and *Stratton,* the cases relied upon in *Fountain,* and concluded that the "promptness" requirement of *Fountain* meant nothing more than that the prosecutor must file the habitual offender information before defendant's *conviction* of the last felony. The language emphasized above concerning simultaneous filing was dismissed as dicta in view of the *Fountain* Court's statement of the issue before it, at 407 Mich 96, 97:

> "Is it permissible to enhance sentence under the habitual offenders act if the prosecutor has reliable

information pertaining to a person's prior felony record before trial but does not charge the person as an habitual offender until after conviction is entered on the current felony charge?" (Footnote omitted.)

Of course, even the dicta of our judicial superiors is entitled to considerable deference. In *Detroit v Michigan Public Utilities Comm,* 288 Mich 267; 286 NW 368 (1939), the Court explained that all that is necessary to render its decisions authoritative on any point decided is to show an application of the judicial mind to the precise question adjudged, regardless of whether it was necessary to decide the question to decide the case. Defendant would read the "simultaneous filing" language in *Fountain* to impose a requirement that the prosecutor proceed on an habitual charge at a substantially earlier stage than prior cases such as *Hatt* and *Stratton* required. The *Fountain* opinion contains nothing which indicates a reason for such a departure from prior law. An application of the judicial mind to the "simultaneous filing" language is thus not apparent and we therefore agree with the *Ruff* panel that the language may be disregarded as dicta.

The result we reach here is supported by a close reading of the Court's later decision in *People v Young,* 410 Mich 363; 301 NW2d 803 (1981), in which the Court passed on the question of *Fountain's* retroactivity. At 410 Mich 363, 366, the Court quoted what it called its holding in *Fountain* without quoting the "simultaneous filing" language. Moreover, the Court's holding on the retroactivity of *Fountain* at 410 Mich 363, 367-368, was as follows:

"The former practice of filing the habitual offender information only after conviction on the current felony

was widespread. Retroactive application of the *Fountain* policy would have adverse effect on the administration of justice. The rule established in *Fountain* is procedural in nature, mandating how a prosecutor must proceed when charging a defendant as an habitual offender pursuant to a supplemental information. The guilt or innocence of the accused is not at issue. Since the purpose of the rule is to avoid an appearance of prosecutorial impropriety, it would not serve that purpose to apply the rule to past conduct.

"We conclude that *People v Fountain* is applicable to cases pending on appeal on August 28, 1979, the date of decision in *People v Fountain,* provided the issue was raised during the pendency of the appeal; and in cases, the original trial or guilty plea hearing of which concluded 20 days after the date of decision in *People v Fountain.*"

If a "simultaneous filing" requirement was indeed imposed by *Fountain,* then the Court's holding on *Fountain's* retroactivity in *Young* was inconsistent with its expressed concern for prosecutorial reliance on the former practice. For example, *Fountain* applies here since the guilty-plea hearing was concluded more than seven months after the date of decision in *Fountain,* August 28, 1979. Yet if *Fountain* required the prosecutor here to file the habitual offender information with the information charging the last felony, the prosecutor would have had to file the habitual offender information on July 22, 1979, before *Fountain* was decided.

We recognize that some previous decisions of this Court have taken a different view of the *Fountain* "simultaneous filing" language. See, for example, the pre-*Young* decisions in *People v Mohead,* 98 Mich App 612; 295 NW2d 910 (1980), and *People v Stankiewicz,* 101 Mich App 476; 300 NW2d 611 (1980), *rev'd* 411 Mich 979 (1981). In

view of the aspects of the *Young* decision noted above, we no longer believe that the treatment of the "simultaneous filing" language in those cases was correct.

Since the habitual offender information here was filed before defendant's conviction of the last felony, it was filed "promptly" as that term was used in *Fountain.* See *Ruff, supra.* Defendant's conviction was, therefore, not the product of an illusory plea bargain.

Affirmed.

BASHARA, J., concurred.

D. C. RILEY, P.J. *(dissenting).* Defendant contends that the prosecutor brought the habitual offender charge too late in view of *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979). I agree and would reverse.

The Court of Appeals is split on the correct interpretation of *Fountain. People v Mallory,* 111 Mich App 629; 314 NW2d 716 (1981), *People v Mohead,* 98 Mich App 612; 295 NW2d 910 (1980).

I conclude that generally the prosecutor must file the habitual offender information simultaneously with the original information according to *Fountain.*