PEOPLE v CISCO

Docket No. 51114. Submitted December 14, 1981, at Detroit.—Decided February 3, 1982.

Raymond L. Cisco was charged with breaking and entering an occupied dwelling with intent to commit a larceny. At pretrial proceedings, defendant agreed to plead guilty to the charged crime in exchange for the prosecution's recommendation of a minimum sentence of no more than four years and promise not to file habitual offender charges. At the plea hearing in Macomb Circuit Court, Raymond R. Cashen, J., defendant indicated that he went to a house with intent to rob it, he broke down the door of the home and stole a television set. There was no one at home at the time of the incident. On those facts, the plea was accepted. Defendant appeals, claiming that the plea was illusory because it was based upon the prosecution's illusory promise not to bring habitual offender charges and that an adequate factual basis was not established for the "occupied" element. *Held:*

1. Since at the time of the plea agreement the prosecution still could have brought the supplemental information, the plea was not illusory. Further, a promise by the prosecution not to file a supplemental information, even if the prosecution's chances of success with that supplemental information were minimal, is sufficient to make the basis of the plea not illusory in nature.

2. The facts elicited at the guilty plea were such as to permit an inculpatory inference which would satisfy the "occupied" element of the crime of breaking and entering an occupied dwelling.

Affirmed.

N. J. KAUFMAN, P.J., dissented. He would hold that defen-

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 21 Am Jur 2d, Criminal Law § 481.

Enforceability of plea agreement, or plea entered pursuant thereto, with prosecuting attorney involving immunity from prosecution for other crimes. 43 ALR3d 281.

[2] 21 Am Jur 2d, Criminal Law § 489.

[3] 13 Am Jur 2d, Burglary § 4.

dant's guilty plea was a product of an illusory bargain inasmuch as it was based in part on the prosecution's promise not to file a supplemental habitual offender complaint.

OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — HABITUAL OFFENDERS.

A plea bargain is not illusory where the prosecutor agrees not to charge the defendant as a habitual offender and where the defendant is in fact a potential subject of habitual offender supplementation.

2. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS FOR PLEA.

A factual basis exists for the acceptance of a guilty plea if an inculpatory inference could reasonably be drawn by a jury on the facts admitted by the defendant; the fact that an exculpatory inference could also be drawn is immaterial.

3. CRIMINAL LAW — BREAKING AND ENTERING — OCCUPIED DWELLING.

The temporary absence of the owner from a dwelling place does not preclude a finding that the residence was occupied within the meaning of the breaking and entering statute (MCL 750.110; MSA 28.305).

DISSENT BY N. J. KAUFMAN, P.J.

4. CRIMINAL LAW — GUILTY PLEAS — SUPPLEMENTAL INFORMATIONS — HABITUAL OFFENDERS — SIMULTANEOUS FILING RULE — APPEAL.

*A guilty plea which is induced in part by a promise by a prosecutor to forego charging a defendant as an habitual criminal where the prosecutor is in fact precluded from so charging the defendant by the simultaneous filing rule is based on an illusory bargain and must be vacated on appeal.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *George N. Parris,* Prosecuting Attorney, *Don L. Milbourn,* Chief Appellate Lawyer, and *Robert John Berlin,* Assistant Prosecuting Attorney, for the people.

*Boyer & Churilla, P.C.,* for defendant.

Before: N. J. KAUFMAN, P.J., and BASHARA and R. I. COOPER,* JJ.

PER CURIAM. Defendant appeals his guilty-plea conviction of breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305.

Initially, defendant argues that the plea bargain was illusory and must be set aside. This contention is based upon the assertion that the prosecutor was precluded from filing habitual offender charges against defendant on the authority of *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979).

We disagree. The record repeatedly shows that defendant agreed during pretrial proceedings to plead guilty in exchange for a minimum sentence recommendation of no more than four years and an agreement not to file habitual offender charges. At the time this agreement was made, the prosecutor still could have filed the supplemental information. Consequently, the promise to forego the charge was not illusory. *People v Hutcherson,* 96 Mich App 365; 292 NW2d 466 (1980), *People v Haywood,* 97 Mich App 621; 296 NW2d 127 (1980), and *People v Leitner,* 105 Mich App 681; 307 NW2d 405 (1981).

The acceptance of the prosecutor's plea offer not to file habitual offender charges is not illusory for the reason that the defendant is simply assured there will not be a subsequent attempt by the prosecutor to do so, even if the chances of a successful filing possibly would be minimal. It goes against all logic to give a defendant this assurance, which in many and probably most cases is requested by the defense as a matter of precaution

---

* Circuit judge, sitting on the Court of Appeals by assignment.

by the defense attorney, and then on appeal use it as a basis to reverse.

Next, defendant asserts that there is an insufficient factual basis on the record to support the conviction. Specifically, he contends that there was no factual basis in support of the "occupied" element of the crime. A factual basis for acceptance of a plea exists if an inculpatory inference can be reasonably drawn by a jury on the facts admitted by the defendant. The fact that an exculpatory inference could also be drawn is immaterial. *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975), *People v Frazier,* 100 Mich App 776, 779; 300 NW2d 408 (1980).

Defendant stated that he went to a house with the intent to rob it. He broke down the door of the home and stole a television set. No one was home at the time.

We find a sufficient basis on this record to infer that the place which defendant robbed was "occupied". The fact an owner is temporarily absent from a dwelling place does not preclude a finding that the residence was "occupied". *People v Traylor,* 100 Mich App 248; 298 NW2d 719 (1980). An inculpatory inference can be drawn from defendant's description to sustain the plea-based conviction. *Guilty Plea Cases,* 395 Mich 96; 235 NW2d 132 (1975).

Affirmed.

N. J. Kaufman, P.J. *(dissenting).* I respectfully dissent. I would hold defendant's guilty plea to have been the product of an illusory bargain inasmuch as it was based in part on the prosecution's promise not to file a supplemental habitual offender complaint. *People v Mallory,* 111 Mich App 629; 314 NW2d 716 (1981).