PEOPLE v FALKENBERG

Docket No. 64921. Submitted October 20, 1982, at Detroit.—Decided March 10, 1983.

Todd Falkenberg pled guilty in Monroe Circuit Court to charges of breaking and entering an occupied dwelling in two separate cases and was sentenced, Daniel L. Sullivan, J. Defendant's motion for a new trial was denied. He appeals. *Held:*

1. The case is remanded to the trial court for an evidentiary hearing on the question of whether the prosecutor promised to recommend concurrent sentences in return for defendant's guilty pleas in the two cases. Such a promise would have been illusory since defendant could not have been given consecutive sentences. If the trial court finds that the prosecutor made such a promise, the defendant must be permitted to withdraw his pleas in both cases. If the court does not so find, only one of the convictions is affirmed, a second meritorious objection to the acceptance of the guilty plea in the other case having been raised.

2. The trial court failed to establish the necessary factual basis for the plea in one case. Thus, even if the trial court, on remand, finds that this plea was made pursuant to a valid plea bargain, the conviction will not be affirmed unless the prosecutor supplies the missing element in the factual basis for the plea. If the prosecutor does so and there is no contrary evidence, then the conviction is affirmed. If the prosecutor fails to do so, the judgment of conviction is set aside. If contrary evidence is produced, the matter is to be treated as a motion to withdraw the guilty plea and the court shall decide the matter in its discretion. The trial court abused its discretion in denying defendant's motion for new trial.

Remanded.

CYNAR, J., concurred in part and dissented in part. He would hold that the trial court did establish sufficient factual basis for

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 481.
[2] 21A Am Jur 2d, Criminal Law § 890 *et seq.*
[3] 13 Am Jur 2d, Burglary §§ 1-3.

accepting both pleas and did not abuse its discretion in denying
the defendant's motion for a new trial.

OPINION OF THE COURT

1. CRIMINAL LAW — SENTENCING — PLEA AGREEMENTS — ILLUSORY
   PROMISES.

   A plea agreement whereby a prosecutor promises to recommend
   concurrent sentences in return for a defendant's guilty pleas is
   illusory where the defendant could not have been sentenced to
   consecutive terms of imprisonment (MCL 768.7, subds a, b;
   MSA 28.1030, subds [1], [2]).

2. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS.

   A trial court must elicit from a defendant facts from which a
   reasonable juror could infer that the defendant is guilty of the
   offense to which he is pleading guilty.

3. CRIMINAL LAW — BREAKING AND ENTERING — OCCUPIED DWELL-
   ING.

   The prosecution must show that a dwelling is habitually used as
   a place of abode in order to establish that a defendant is guilty
   of breaking and entering an occupied dwelling.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Michael W. LaBeau,* Prosecuting Attorney, and *James G. Petrangelo,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Sheila N. Robertson),* for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and CYNAR, JJ.

PER CURIAM. In cases #18947 and #18960 in the court below, defendant was charged with breaking and entering an occupied dwelling, MCL 750.110; MSA 28.305. Defendant pled guilty to both charges and was sentenced concurrently to 2-1/2 to 15 years imprisonment. Several months later, defendant, *in propria persona,* filed a motion for a new trial and subsequently, with counsel,

submitted an amended delayed motion for new trial arguing the same issues he now raises on appeal. The trial court denied the motion and defendant appeals.

Defendant asserts two claims of error. One alleged error is common to the pleas in both cases. The other pertains to only the plea to the charge in case #18947. We discuss first the alleged error shared by both pleas.

Defendant contends that both pleas were not voluntary because they were based on the prosecutor's illusory promise that he would recommend concurrent sentences for the defendant's convictions in both cases. Such a promise is illusory because the defendant could not have been given consecutive sentences. See MCL 768.7a, 768.7b; MSA 28.1030(1), 28.1030(2). The dispute, however, concerns whether the prosecutor made this promise as part of the bargain. Defense counsel stated the bargain as follows:

"And, as I stated before, those two other cases would be dismissed.

"Further plea bargain is that the prosecutor's office would make no recommendation regarding sentencing, and the police are free to make any recommendation they so desire. However, the prosecutor's office is willing to make a recommendation that the sentences be concurrent on those two pleas that we are making.

"That is the scope of the plea bargain."

At the hearing on defendant's motion for a new trial, the trial court found that the prosecutor had not promised to recommend concurrent sentences as part of the bargain. But the court did not hold an evidentiary hearing on this question—it only listened to counsels' arguments. Accordingly, we remand for an evidentiary hearing to determine

whether the prosecutor promised to make such a recommendation as part of the bargain. If the trial court finds that the prosecutor made such a promise, the defendant must be permitted to withdraw his pleas in both cases. *People v Lawson,* 75 Mich App 726; 255 NW2d 748 (1977). If not, the conviction in case #18960 is affirmed. A finding that no such promise was made as part of the bargain will not automatically affirm the conviction in case #18947, however, because, as discussed below, we find that the defendant has raised a second meritorious objection to the acceptance of the plea in that case.

Defendant argues that the trial court in the plea-taking hearing failed to establish a sufficient factual basis for the plea in case #18947. A trial court must elicit from a defendant facts from which a reasonable juror could infer that the defendant is guilty of the offense to which he is pleading guilty. *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975). To establish that a defendant is guilty of breaking and entering an occupied dwelling, the people must show that the dwelling is habitually used as a place of abode. See *People v Larson,* 20 Mich App 301; 174 NW2d 82 (1969). The defendant maintains that the trial court failed to establish a factual basis for this element.

The people contend that this element could be inferred from the following portion of defendant's statement:

"I went to go in his front door and ah, the door kinda collapsed—well, it did break down completely. It was a raggedy door. I went in and took a welder from his house."

The defendant's use of the possessive pronoun

"his" ("his front door", "his house"), the people
argue, indicates that the defendant believed the
house was occupied. The word, "his", however, can
indicate ownership instead of occupancy. Further-
more, the people's argument proves at best that
the defendant *believed* the house was habitually
occupied. But nothing in defendant's statement
indicates that this was a reasonable belief. Indeed,
his statement suggests that the house was aban-
doned or under renovation. The front door of the
house was "raggedy", collapsing and falling apart
when the defendant tried to push it open.[1] From
this statement, a reasonable juror could not infer
that the house was habitually occupied.[2] The plea-
taking court failed to establish the necessary fac-
tual basis for the plea in case #18947. Thus, if the
trial court, on remand, finds that this plea was
made pursuant to a valid bargain, the conviction
in case #18947 will not be affirmed unless the
prosecutor supplies the missing element in the
factual basis for the plea in that case. If the
prosecutor does so and there is no contrary evi-
dence, then the conviction is affirmed. If the prose-
cutor fails to do so, the judgment of conviction is
set aside. If contrary evidence is produced, the

---

[1] The defendant also stated:

"Well, I went up to it and was gonna try to push it open and like I
said it was an old door and the whole thing just fell apart and the
window shattered and everything."

[2] Citing *People v Cisco*, 113 Mich App 109; 317 NW2d 308 (1982),
the people also argue that reasonable jurors could infer that the
dwelling was habitually occupied from defendant's statement that a
welder was in the house. *Cisco*, however, is distinguishable from the
case at bar. In *Cisco*, the defendant, also charged with breaking and
entering an occupied dwelling, stated that he broke into a house and
stole a television. This Court held that a reasonable juror could infer
from the presence of the television in the house that the dwelling was
habitually occupied. A television is the sort of thing that is kept in
habitually occupied abodes. A welder is not. Consequently, we reject
the people's argument that, under the *Cisco* reasoning, we must
conclude that a reasonable juror could infer from the presence of a
welder in the house that the house was habitually occupied.

matter is to be treated as a motion to withdraw the guilty plea and the court shall decide the matter in its discretion.

We conclude that the trial court abused its discretion in denying defendant's motion for new trial and remand for proceedings consistent with this opinion.

CYNAR, J. *(concurring in part and dissenting in part).* While I concur in part to remand in conjunction with the first objection made in accepting the plea in this case, I must respectfully dissent from the majority's decision relating to the second objection raised by the defendant to the acceptance of the plea. The trial court did not abuse its discretion in denying the defendant's motion for a new trial. The trial court did establish a sufficient fact basis for accepting the plea in case #18947.