PEOPLE v FOUNTAIN

PEOPLE v JONES

Docket Nos. 60151, 61345. Decided August 28, 1979. On application by the defendants for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the decisions of the Court of Appeals.

Alvin K. Fountain was convicted by Recorder's Court of Detroit, Joseph A. Gillis, J., of carrying a concealed weapon, and convicted by a jury, upon a supplemental information which was brought after the defendant filed a claim of appeal of the felony conviction, as being a fourth offender. The Court of Appeals, Allen, P.J., and T. M. Burns and Beasley, JJ., affirmed in a per curiam opinion (Docket Nos. 27104, 28788). Defendant applies for leave to appeal.

Hank W. Jones was convicted by a jury in Muskegon Circuit Court, James F. Shoener, J., of armed robbery, and he was afterward convicted, on his plea of guilty, of being a third offender, as charged in a supplemental information. The circuit court, Fredric A. Grimm, J., denied the defendant's motion for resentencing, and the Court of Appeals, Danhof, C.J., and Bronson and Beasley, JJ., denied leave to appeal (Docket No. 78-618). Defendant applies for leave to appeal. *Held:*

A prosecutor who knows a defendant has a prior felony record must promptly proceed, if at all, against the defendant as an habitual offender. The prosecutor is not foreclosed from proceeding against a defendant as an habitual offender after conviction on the current offense provided he is unaware of a prior felony record until after the conviction. The only recognized exception to this rule is where the delay is because of the need to verify out-of-state felony convictions on the "rap sheet". In these cases the defendants' prior felony convictions derived from the same jurisdictions as their convictions of the current offenses. The prosecutors here must be presumed to have known of the defendants' prior felony records because their offices prosecuted the prior felonies. Therefore, the habitual offender charges should have been filed with the information

which charged the last felony to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety.

Chief Justice Coleman, joined by Justice Ryan, concurred in the results. Although the result may not be statutorily or constitutionally required, especially in the absence of any allegation or showing of prejudice from the delay, it is based on the Court's supervisory powers over the practices and procedures used in the courts of the state. In order to avoid even the appearance of impropriety, the habitual offender information should be filed with the information charging the principal offense when the prosecutor has prior knowledge of the defendant's previous convictions. It should be drawn up and presented so as to insure that it will not place the defendant's past criminal record before the jury prior to a finding of guilt or innocence on the principal charge.

The decisions of the Court of Appeals are reversed, and the defendants' sentences as habitual offenders are vacated.

77 Mich App 71; 257 NW2d 671 (1977) reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Michael R. Mueller,* Director, Prosecutor's Repeat Offenders Bureau, and *Raymond P. Walsh* and *Larry L. Roberts,* Assistant Prosecuting Attorneys, for the people in *Fountain.*

*Kraizman & Kraizman* for defendant Fountain.

State Appellate Defender (by *Kim Robert Fawcett)* for defendant Jones.

PER CURIAM. Is it permissible to enhance sentence under the habitual offenders act[1] if the prosecutor has reliable information pertaining to a person's prior felony record before trial but does not charge the person as an habitual offender until after conviction is entered on the current felony charge?

---

[1] See MCL 769.10 *et seq.;* MSA 28.1082 *et seq.*

Alvin Fountain was convicted of carrying a concealed weapon in Recorder's Court of Detroit on September 23, 1975, and sentenced on September 30, 1975 to three to five years in prison. After Fountain filed a claim of appeal the Wayne County prosecutor filed a supplemental information charging him as a fourth offender. On April 9, 1976 Fountain was convicted as a fourth offender and received an enhanced sentence of 15 to 30 years.

Hank Jones was convicted by a jury of unarmed robbery on April 18, 1974 in Muskegon Circuit Court. The prosecutor charged Jones as a third offender. After conviction, but before sentencing, Jones pled guilty to the third offender charge and was sentenced on May 29, 1974 to 10 to 15 years on the unarmed robbery conviction[2] and 10 to 30 years as an habitual offender, sentences to run concurrently.

Fountain's and Jones' prior felony convictions derived from the same jurisdictions as their convictions on the current offenses.

A prosecutor who knows a person has a prior felony record must promptly proceed, if at all, against the person as an habitual offender. *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970); *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968). The prosecutor is not foreclosed from proceeding against a person as an habitual offender after conviction on the current offense provided he is unaware of a prior felony record until after the conviction. MCL 769.13; MSA 28.1085.

---

[2] It was *improper* to sentence Jones on the unarmed robbery conviction and as an habitual offender. MCL 769.13; MSA 28.1085 provides that a defendant may only be sentenced to one term of imprisonment on the underlying felony and the supplemental information.

The only recognized exception to this rule is when the delay is due to the need to verify out-of-state felony convictions based on the "rap sheet". *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976).

Here the prosecutors must be presumed to have known of the defendants' prior felony records because their respective offices prosecuted the prior felonies. The habitual offender charges should have been filed with the information which charged the last felony to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the decisions of the Court of Appeals, vacate the habitual offender sentences, and order that Fountain's 3- to 5-year sentence for carrying a concealed weapon be reinstated, and Jones' 10- to 15-year sentence for unarmed robbery remain intact.

Reversed.

KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, and BLAIR MOODY, JR., JJ., concurred.

COLEMAN, C.J. *(concurring).* I concur in the results reached. Although the result in *Jones* may not be statutorily[1] or constitutionally required, especially in the absence of any allegation or showing of prejudice from the delay,[2] it is based on this Court's supervisory powers over the practices

---

[1] See *State v McCraw,* 59 NM 348; 284 P2d 670 (1955). Compare, Colo Rev Stat, § 16-13-103(6).

[2] *Oyler v Boles,* 368 US 448; 82 S Ct 501; 7 L Ed 2d 446 (1962), *Graham v West Virginia,* 224 US 616; 32 S Ct 583; 56 L Ed 917 (1912), *Wessling v Bennett,* 410 F2d 205 (CA 8, 1969); *cert den* 396 US 945 (1969). See, also, *People v Marshall,* 41 Mich App 66; 199 NW2d 521 (1972); *Dickey v Florida,* 398 US 30; 90 S Ct 1564; 26 L Ed 2d 26 (1970).

and procedures used in the courts of this state.[3] In order to avoid even the appearance of impropriety, the prosecutor should file the habitual offender information with the information charging the principal offense when he or she has prior knowledge of defendant's previous conviction(s). Such information should be drawn up and presented so as to insure that it will not place the defendant's past criminal record before the jury prior to the jury's finding of guilt or innocence on the principal charge. See *People v Burd,* 1 Mich App 178; 134 NW2d 843 (1965).

RYAN, J., concurred with COLEMAN, C.J.

---

[3] Const 1963, art 6, § 5; see *People v Sinclair,* 387 Mich 91, 122; 194 NW2d 878 (1972) (opinion by SWAINSON, J.), *People v Hamilton,* 359 Mich 410; 102 NW2d 738 (1960); see, also, *McNabb v United States,* 318 US 332; 63 S Ct 608; 87 L Ed 819 (1943).