PEOPLE v HAYWOOD

Docket Nos. 45061, 45062. Submitted April 8, 1980, at Lansing.—
Decided May 20, 1980.

Hiram A. Haywood was convicted on his pleas of guilty to larceny
over $100, and nolo contendere to breaking and entering a
building with intent to commit larceny, in Washtenaw Circuit
Court, Ross W. Campbell, J. Defendant was sentenced to three
years, four months to five years on the larceny conviction and
five years to ten years on the breaking and entering charge, the
sentences to be served consecutively. The defendant appeals
alleging that the plea bargains were infirm because they were
based on illusory prosecutorial promises. *Held:*

1. A prosecutor is not precluded from proceeding with a
prosecution under the habitual felony offender act as long as
the prosecutorial action is prompt and provides fair notice to
the defendant sufficiently in advance of a trial on the current
charge.

2. A plea bargain wherein the prosecutor agrees to forbear
from filing a supplemental information against the defendant
under the habitual felony offender act, where the defendant is
a potential subject of habitual offender supplementation, does
not constitute an illusory offer by the prosecutor.

3. A prosecutor may validly file an information charging a
defendant as a habitual offender after plea negotiations have
failed, provided the defendant was given notice during the
negotiations of the prosecutor's intention to file if such negotia-
tions failed.

Affirmed.

1. CRIMINAL LAW — PROSECUTING ATTORNEYS — HABITUAL OFFENDER
ACT.

A prosecutor is not precluded from proceeding with a prosecution
under the habitual felony offender act as long as the prosecuto-

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
§§ 18, 19.
[2] 21 Am Jur 2d, Criminal law § 491.5.
[3] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 19.

rial action is prompt and provides fair notice to the defendant sufficiently in advance of a trial on a current charge.

2. CRIMINAL LAW — PROSECUTING ATTORNEYS — HABITUAL OFFENDER ACT — PLEA BARGAINS.

A plea bargain wherein the prosecutor agrees to forbear from filing a supplemental information against the defendant under the habitual felony offender act, where the defendant is a potential subject of habitual offender supplementation, does not constitute an illusory offer by the prosecutor (MCL 769.10 et seq.; MSA 28.1082 et seq.).

3. CRIMINAL LAW — PROSECUTING ATTORNEYS — HABITUAL OFFENDER ACT — PLEA BARGAINS.

A prosecutor may validly file an information charging a defendant as a habitual offender after plea negotiations have failed provided the defendant was given notice during the negotiations of the prosecutor's intention to file if such negotiations failed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *Robert L. Cooper,* Assistant Prosecuting Attorney, for the people.

*Norman Fell,* for defendant on appeal.

Before: D. C. RILEY, P.J., and R. B. BURNS and N. J. KAUFMAN, JJ.

PER CURIAM. Defendant entered a plea of guilty to larceny over $100, MCL 750.356; MSA 28.588, and a plea of nolo contendere to breaking and entering a building with intent to commit larceny, MCL 750.110; MSA 28.305, an unrelated offense. He was sentenced to three years, four months to five years on the larceny and five to ten years on the breaking and entering, the sentences to be served consecutively as the larceny was committed while defendant was out on bail on the breaking and entering charge. Defendant appeals as of right under GCR 1963, 806.1.

Defendant contends that the plea bargains were infirm in that they were based upon illusory prosecutorial promises. The basis of the plea bargains was the prosecutor's promise to forbear from filing a supplemental information under the habitual felony offender act, MCL 769.10 *et seq.;* MSA 28.1082 *et seq.* Defendant did have prior felony convictions upon which a supplemental information could have been based. However, the prosecution did not file a supplemental information at the time the information charging defendant's last felony was filed. Defendant argues that a retroactive application of *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), requires such a filing because the prosecutor knew of defendant's prior convictions prior to filing the informations charging the principal offenses. Defendant theorizes that this prosecutorial failure to file a supplemental information in a timely fashion precludes any later filing as per the express mandate of *Fountain, supra.* Any promise of forbearance from later filing, then, would be valueless and illusory and a plea bargain with such as its basis would be invalid. *Cf., People v Roderick Johnson,* 86 Mich App 77, 79; 272 NW2d 200 (1978).

We disagree. *People v Fountain,* supra, involved two distinct situations in which the prosecutor filed supplemental informations under the habitual offender statute following defendants' convictions by trial. In contrast, the instant situation involves a plea negotiated by the defendant, defense counsel, and the prosecutor, wherein the prosecutor, in exchange for the plea, promised *not* to charge defendant as an habitual offender. The agreement was reached prior to defendant's plea. Presumably, if an agreement had not been reached, the prosecutor would have pursued all of

the pending and potential charges against defendant. He could have done so under MCL 767.46; MSA 28.986, which allows him to amend defects or omissions in the information, or under MCL 769.13; MSA 28.1085, which indicates that he "may" file such a separate or supplemental information.

Moreover, we need not be concerned with retroactivity questions herein as we find that the rule announced in *Fountain, supra,* does not apply to the facts of this case. The *Fountain* pronouncement does not preclude the prosecutor from proceeding with a prosecution under the habitual offender act as long as the prosecutorial action is prompt and provides fair notice to the defendant sufficiently in advance of a trial on the current charge. And, in the instant situation, at the time the plea bargain was made and accepted, defendant was, in fact, a potential subject of habitual offender supplementation. The defendant was well apprised of this fact as attested to by his plea bargain. Further, the prosecutor, absent such plea agreement, could have promptly proceeded to supplementation. Therefore, the offer by the prosecutor to forego supplementation as part of the plea agreement cannot be considered illusory. See *Roderick Johnson, supra,* 79.

In *Bordenkircher v Hayes,* 434 US 357; 54 L Ed 2d 604; 98 S Ct 663 (1978), the prosecutor carried out a threat made during the plea negotiations and reindicted the defendant on habitual offender charges after the negotiations failed. The United States Supreme Court upheld the conviction indicating: ·

"It may be helpful to clarify at the outset the nature of the issue in this case. While the prosecutor did not actually obtain the recidivist indictment until after the

plea conferences had ended, his intention to do so was clearly expressed at the outset of the plea negotiations. Hayes was thus fully informed of the true terms of the offer when he made his decision to plead not guilty. This is not a situation, therefore, where the prosecutor without notice brought an additional and more serious charge after plea negotiations relating only to the original indictment had ended with defendant's insistence on pleading not guilty. As a practical matter, in short, this case would be no different if the grand jury had indicted Hayes as a recidivist from the outset, and the prosecutor had offered to drop that charge as part of the plea bargain." [Footnote omitted.] *Bordenkircher, supra,* 360.

We find this passage particularly instructive and affirm accordingly.