PEOPLE v STEIN

Docket No. 78-2425. Submitted June 16, 1980, at Detroit.—Decided
September 2, 1980. Leave to appeal applied for.

Lawrence R. Stein was charged with armed robbery but was
convicted of unarmed robbery and the maximum sentence was
imposed. At the time of sentencing, the prosecution filed a
supplemental information charging defendant as an habitual
offender. Defendant was convicted of being a fourth felony
offender and was sentenced to prison, Detroit Recorder's Court,
Joseph A. Gillis, J. His sentence for the unarmed robbery
conviction was vacated. He appeals, alleging the trial court
erred by allowing the prosecution to file a supplemental infor-
mation after he had been convicted of, and sentenced on, the
charge of unarmed robbery and that he was denied effective
assistance of counsel. *Held:*

1. The trial court erred in allowing the prosecution to file the
supplemental information charging defendant as an habitual
offender post-conviction and post-sentencing since the defen-
dant had a prior felony record in the same jurisdiction in which
the armed robbery charge was brought and the prosecution is
charged with knowledge of such record. Accordingly, the habit-
ual offender charge should have been brought simultaneously
with the charge for the principal felony.

2. Defendant had not been charged as an habitual offender at
the time the original sentence was imposed and, thus, a sen-
tence of a definite term of imprisonment was improper. Rather,

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 6] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
§§ 17.5, 19, 20.
[2] 20 Am Jur 2d, Courts § 85.
[4] 21 Am Jur 2d, Criminal Law §§ 540, 592.
Validity, under indeterminate sentence law, of sentence fixing
identical minimum and maximum terms of imprisonment. 29
ALR2d 1344.
[5] 21 Am Jur 2d, Criminal Law § 315.
Incompetency of counsel chosen by accused as affecting validity of
conviction. 74 ALR2d 1390.

an indeterminate sentence should have been imposed in which the minimum term did not exceed two-thirds of the maximum.

3. The record reveals that defendant's counsel performed at least as well as a lawyer with ordinary training and skill in the criminal law and conscientiously protected defendant's interests, undeflected by conflicting considerations.

4. Defendant's other contentions were rendered moot by this decision.

Habitual offender conviction vacated and unarmed robbery conviction reinstated, the sentence amended to include a minimum term.

CYNAR, J., concurred, but would reverse the habitual offender conviction solely on the basis that since the prosecutor was necessarily in possession of reliable information regarding defendant's prior felony record in the jurisdiction in which the principal felony charge was brought, his post-trial filing of an habitual offender information was not prompt or timely.

### OPINION OF THE COURT

1. CRIMINAL LAW — HABITUAL OFFENDERS — POST-CONVICTION FILING OF SUPPLEMENTAL INFORMATION.

Allowing the prosecution to file a supplemental information charging a defendant with being an habitual offender after the defendant has been convicted and sentenced on the principal charge constitutes reversible error.

2. CRIMINAL LAW — HABITUAL OFFENDERS — FILING OF SUPPLEMENTAL INFORMATION RULE — APPLICATION.

The rule which provides that a prosecutor may not delay in filing a supplemental information charging a defendant as an habitual offender where the prosecutor is aware of the defendant's earlier felony convictions should be applied to all cases which were pending on appeal at the date of its annunciation as well as to subsequent cases.

3. CRIMINAL LAW — PROSECUTORS — HABITUAL OFFENDER CHARGES — PRIOR FELONIES.

Prosecutors are presumed to know that a defendant has a prior felony record where such record is in the jurisdiction in which the defendant is being charged, and, thus, habitual offender charges should be made simultaneously with charges on the principal felony.

4. CRIMINAL LAW — INDETERMINATE SENTENCES — STATUTES.

A court, imposing sentence on a defendant convicted for the first

time for the commission of a felony or who has had prior felony convictions·but was not charged as an habitual offender, shall not fix a definite term of imprisonment but shall fix a sentence in which the minimum term does not exceed two-thirds of the maximum term (MCL 769.8; MSA 28.1080).

5. CRIMINAL LAW — DEFENSE COUNSEL — STANDARD OF PERFOR-MANCE.

Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations.

CONCURRENCE BY CYNAR, J.

6. CRIMINAL LAW — HABITUAL OFFENDERS — POST-CONVICTION FILING OF SUPPLEMENTAL INFORMATION.

*An habitual offender conviction should be reversed where a prosecutor is necessarily in possession of reliable information regarding a defendant's prior felony record in the jurisdiction in which the principal felony charge was brought and files a supplemental information charging the defendant as an habitual offender post-trial, on the basis that the filing was not prompt or timely.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Andrea L. Solak,* Assistant Prosecuting Attorney, for the people.

*Barbara R. Levine* and *Peter J. Van Hoek,* Assistant State Appellate Defenders, for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and CYNAR and J. E. TOWNSEND,* JJ.

PER CURIAM. Defendant was charged with, and tried for, armed robbery, MCL 750.529; MSA 28.797, but was convicted of unarmed robbery, MCL 750.530; MSA 28.798, in a jury trial in De-

* Circuit judge, sitting on the Court of Appeals by assignment.

troit Recorder's Court. Defendant was sentenced on July 20, 1977, for a flat period of 15 years.

At the time of sentencing, the prosecution filed a supplemental information charging defendant with being an habitual offender in violation of MCL 769.13; MSA 28.1085. At a jury trial on this charge, defendant was convicted of being a fourth felony offender and was sentenced, on March 15, 1978, to 25 to 50 years imprisonment on this conviction. At the same time, the 15-year sentence imposed for the unarmed robbery conviction was vacated in accordance with MCL 769.13; MSA 28.1085. The fourth offender conviction is the subject of defendant's appeal.

On appeal, defendant raises seven issues, the first of which, we believe, is dispositive of almost the entire matter. Defendant contends that the trial court committed reversible error by allowing the prosecution to file a supplemental information *after* defendant had been convicted and sentenced on the unarmed robbery charge. We agree.

Defendant did not object to the late filing at any time before trial. The controlling case on this matter, *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), was decided after defendant's trial on the habitual offender charge. However, since objections were made during the trial challenging the constitutionality and legality of the statute as it was then being interpreted, we believe that these objections were sufficient to preserve this issue for appeal.

*Fountain* held that a prosecutor may not delay in filing a supplemental information charging a defendant as an habitual offender where the prosecutor is aware of the earlier felony convictions. If *Fountain* is given retroactive application, error was clearly committed by allowing an untimely filing of the supplemental information.

The Michigan Supreme Court has given conflicting signals as to whether the *Fountain* decision is to be given retroactive application. While *Fountain* did not speak on this issue, its rule was applied in *People v Morris,* 407 Mich 885 (1979), where the defendant's habitual offender sentence was vacated and the court below was ordered to reinstate the original sentence. Subsequently, in *People v Devine,* 407 Mich 904; 284 NW2d 342 (1979), the Court issued a memorandum decision declaring that no opinion was intimated on the retroactivity of *Fountain,* while simultaneously applying the rule of *Fountain* to prevent resentencing of a defendant based on an habitual offender conviction. Finally, in *People v Ronald Brown,* 407 Mich 913 (1979), the Court remanded the case to the Court of Appeals for briefing and argument on the matter of *Fountain's* retroactivity. Pending further action in the *Brown* case, it can only be inferred that the issue is still open.

Whether a new interpretation of law should be applied retroactively or only prospectively has been discussed in detail by the courts in numerous cases. See, *e.g., Linkletter v Walker,* 381 US 618; 85 S Ct 1731; 14 L Ed 2d 601 (1965). In *Linkletter,* as in *People v Gay,* 407 Mich 681; 289 NW2d 651 (1980), *People v Hampton,* 384 Mich 669; 187 NW2d 404 (1971), and *People v Markham,* 397 Mich 530; 245 NW2d 41 (1976), a three-pronged test was proposed to govern this question. This tri-tiered analysis calls for an examination of "(1) the purpose of the new rule; (2) the general reliance on the old rule; and (3) the effect on the administration of justice". *Hampton, supra,* 674.

Initially, we note that the Supreme Court has previously expressed approval of the prompt filing of charges against a defendant as an habitual

offender when the prosecutor has knowledge of the defendant's prior felony record. *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970). However, this procedure was not mandatory until *Fountain.*

There are a variety of ways that the procedural mandate of *Fountain* may be given effect. See *Placek v Sterling Heights,* 405 Mich 638, 662; 275 NW2d 511 (1979). For example, a new rule of law may be made applicable to future cases and the case at bar. In *People v Jenkins,* 395 Mich 440; 236 NW2d 503 (1975), the Court limited the application of the new rule enunciated therein to the case at bar and all cases tried after an arbitrarily selected date. Very recently, in *Murray v Beyer Memorial Hospital,* 409 Mich 217; 293 NW2d 341 (1980), the Court stated that it doesn't alter established rules lightly. Then acknowledging some unfairness whenever a new rule is announced, the Court stated that the importance of the result outweighed any unfairness and applied the rule announced therein to all cases pending on appeal where the issue had been properly raised. See also *Placek, supra,* 667.

After balancing these considerations, we believe. that the rule of *Fountain* should be applied to future cases and to all cases which were pending on appeal at the date of the *Fountain* decision. The present case should, therefore, be judged by the requirements of *Fountain.* See *People v Reese,* 97 Mich App 785; 296 NW2d 172 (1980).

In *Fountain,* the defendant was charged as a fourth offender after he filed an appeal on the underlying conviction. In *People v Jones,* a case decided with *Fountain,* the defendant was charged as a third offender before sentencing, but after conviction on the principal charge. In both cases, the filings fell short of the "promptness" mandate,

and the habitual offender sentences were vacated. Because each defendant had a prior felony record in the jurisdiction in which he was being charged, the Court presumed that the prosecutors had knowledge of these felony records. Consequently, the Court held that:

"The habitual offender charges should have been filed with the information which charged the last felony to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety." *Fountain, supra,* 99.

In the instant case, the defendant had a prior felony record in the jurisdiction in which the armed robbery charge was brought. Under *Fountain,* we must presume knowledge on the part of the prosecutor. The prosecutor did not, however, charge defendant as an habitual offender until after defendant was convicted of unarmed robbery. Under the circumstances of this case, we believe the only way in which the prosecutor could have fulfilled the mandate of *Fountain* would have been to charge the defendant as an habitual offender at the same time as the defendant was charged on the principal felony. We, therefore, vacate defendant's habitual offender sentence and alter the sentence on defendant's unarmed robbery conviction, MCL 750.530; MSA 28.798.

We note that defendant's sentence on the unarmed robbery conviction was a flat 15 years. Although the issue was not raised by defendant, we find, *sua sponte,* that this was an improper sentence. MCL 769.8; MSA 28.1080 provides, in relevant part, that:

"When a person is convicted for the first time for the commission of a felony, * * * the court imposing sen-

tence shall not fix a definite term of imprisonment, but shall fix a minimum term * * *."

This statute was interpreted in *People v Tanner,* 387 Mich 683; 199 NW2d 202 (1972), in which the "two-thirds rule" was established. Under this rule, indeterminate sentences had to be imposed in which the minimum did not exceed two-thirds of the maximum term. The Court later decided in *Brinson v Genesee Circuit Judge,* 403 Mich 676, 680-682; 272 NW2d 513 (1978), that this rule also applied to offenders who had prior felony convictions, but who were not charged as habitual offenders. The proper sentence should have been 10 to 15 years, instead of a flat 15-year sentence.

Because we have decided this case based on the mandate of *Fountain,* we do not find it necessary to discuss defendant's contention that he was entitled to 20 peremptory challenges, since conviction on the habitual offender charge could have resulted in a sentence of life imprisonment. Because we are vacating the habitual offender conviction, this matter is moot. Also moot is the issue of whether defendant should have been allowed to collaterally attack his prior convictions.

It is defendant's contention that he was denied effective assistance of counsel. Our reading of the briefs and records of the instant case, as well as certain circumstances surrounding defendant, fails to convince us that counsel did not fulfill the standards enunciated in *People v Garcia,* 398 Mich 250, 264; 247 NW2d 547 (1976):

" 'Defense counsel must perform at least as well as a lawyer with ordinary training and skill in the criminal law and must conscientiously protect his client's interests, undeflected by conflicting considerations.' "

Defendant's habitual offender conviction is hereby vacated, and his unarmed robbery conviction is reinstated. His sentence on the latter conviction, however, is to be 10 to 15 years imprisonment according to *Brinson.*

CYNAR, J. *(concurring).* In concurring to reverse the habitual offender conviction, I would rely solely on *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976). The prosecutor filed a supplemental information at the time of sentencing for armed robbery, charging defendant with being an habitual offender in violation of MCL 769.13; MSA 28.1085. At the time of the sentencing, the defendant had a prior felony record in the jurisdiction in which the armed robbery charge was brought. Thus, the prosecutor was necessarily in possession of reliable information regarding the previous conviction prior to trial on the armed robbery charge, and his post-trial filing of an habitual offender information was not prompt or timely under *Hendrick.*

In all other respects I concur in both the reasoning and result of the majority opinion.