PEOPLE v SMITH

Docket No. 78-2760. Submitted April 3, 1980, at Grand Rapids.—
Decided October 22, 1980.

Defendant, Harold L. Smith, was convicted in Kent Circuit Court
of criminal sexual conduct in the first degree, George V.
Boucher, J. After the defendant was sentenced, the prosecutor
filed a supplemental information charging the defendant with
being a second felony offender. The defendant pled guilty to the
second offender charge after defense counsel had objected to the
filing of the supplemental information. The prosecutor admitted
that he knew of the defendant's previous conviction at the time
of the criminal sexual conduct trial and that the supplemental
information was filed because the defendant had previously
exercised his right to a jury trial. The trial court resentenced
the defendant to an identical term of imprisonment as was
imposed for the criminal sexual conduct conviction. The defen-
dant appeals. *Held:*

A prosecutor who knows that a defendant has a prior felony
record must proceed promptly, if at all, against the person as
an habitual offender. The prosecutor in this case failed to do so.
The fact that the sentences for the two convictions were identi-
cal does not matter because the ramifications of the second
offender conviction are great. The conviction as a second of-
fender is set aside.

Reversed.

E. E. BORRADAILE, J., concurred in the result only.

CRIMINAL LAW — CRIMINAL PROCEDURE — HABITUAL OFFENDERS.

The rule expressed in *People v Fountain,* 407 Mich 96; 282 NW2d
168 (1979), which stated that a prosecutor who knows that a
defendant has a prior felony record must proceed promptly, if
at all, against the person as an habitual offender applies to
cases decided after *Fountain* and to cases pending on appeal on
the date that *Fountain* was decided.

REFERENCE FOR POINTS IN HEADNOTE

[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 17
*et seq.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Chief Appellate Attorney, for the people.

*Buth, Wood & Weidaw,* for defendant on appeal.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and E. E. BORRADAILE,* JJ.

D. E. HOLBROOK, JR., P.J. Defendant was convicted by a jury of criminal sexual conduct in the first degree, MCL 750.520b(1)(a); MSA 28.788(2)(1)(a), and was thereafter sentenced to a 5 to 20 year term of imprisonment. Subsequent to sentencing, the prosecutor filed a supplemental information against the defendant charging him as a second felony offender in violation of MCL 769.10, 769.13; MSA 28.1082, 28.1085. Following objections to the supplemental information by defense counsel, defendant pled guilty to the same. At the plea hearing the assistant prosecutor admitted that the supplemental information was filed because defendant had previously exercised his right to a jury trial. Moreover, the prosecutor was aware of the previous conviction. Following defendant's plea to the second offender charge, the trial judge resentenced defendant to the identical 5 to 20 years imprisonment. Defendant appeals claiming his conviction as a second offender must be set aside. We agree and reverse.

In *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), the Supreme Court held that a prosecutor who knows a defendant has a prior felony record must proceed promptly, if at all, against the person as a habitual offender. In *People v Reese,* 97 Mich App 785; 296 NW2d 172 (1980), it was

_____
* Circuit judge, sitting on the Court of Appeals by assignment.

held that the rule of *Fountain* should be applied to future cases and to all cases which were pending on appeal at the date of the *Fountain* decision.

That *Fountain* applies to instances where a defendant pleads guilty is evident from page 96 of that opinion as it relates to the defendant Jones therein.

Here the prosecutor, although he knew of the previous conviction, waited until after sentencing to proceed with the second offender charge. Such is violative of the principle of *Fountain* and since this was a case pending on appeal on the date of the *Fountain* decision the rule set forth in *Reese* renders *Fountain* applicable to the instant case. Nor does it matter that the sentences in both instances were the same, for the ramifications of the second offender conviction are great. Accordingly, defendant's conviction as a second offender is set aside and defendant shall serve his sentence pursuant to his conviction for criminal sexual conduct only.

Reversed.

E. E. BORRADAILE, J., concurs in the result only.