PEOPLE v GRIFFIS

Docket No. 48842. Submitted November 6, 1980, at Grand Rapids.—
Decided June 8, 1981.

> Clarence E. Griffis was convicted, on his plea of guilty, of unarmed robbery in the Calhoun Circuit Court, Paul Nicholich, J. Defendant appeals, alleging an illusory plea bargain. The prosecutor stated that part of the agreement was that the people would not proceed upon a habitual offender information which had already been filed. In fact, no habitual offender information had been filed. *Held:*

> Because this plea occurred subsequent to *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), and the prosecutor knew or should have known about the *Fountain* decision, which required prompt filing of the supplemental information, the plea must be set aside.

> Reversed and remanded.

CRIMINAL LAW — GUILTY PLEAS — SUPPLEMENTAL INFORMATIONS —
PLEA BARGAINS — APPEAL.

> A guilty plea tendered after the decision in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), which requires prompt filing of supplemental informations, should be set aside on appeal where the plea resulted from a bargain not to proceed on a supplemental information and no supplemental information had been filed promptly.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Conrad Sindt,* Prosecuting attorney, and *Michael J. Berezowski,* Assistant Prosecuting Attorney, for the people.

*Nora J. Pasman,* Assistant State Appellate Defender, for defendant on appeal.

REFERENCES FOR POINTS IN HEADNOTE
[1] 5 Am Jur 2d, Appeal and Error § 867.
21 Am Jur 2d (Rev), Criminal Law §§ 481, 482.

Before: D. E. Holbrook, Jr., P.J., and V. J. Brennan and R. C. Hotchkiss,* JJ.

Per Curiam. Pursuant to a plea bargain defendant pled guilty to unarmed robbery, MCL 750.530; MSA 28.798. Thereafter sentenced to a term of 7 to 15 years imprisonment, defendant appeals as of right.

On appeal it is defendant's claim that his plea must be set aside for failure of the trial court to establish a factual basis for the plea and further because of an alleged illusory plea agreement. With defendant's latter argument we agree and accordingly reverse.

Defendant's plea, in the instant case, was entered on September 25, 1979, which was subsequent to the Supreme Court's decision in *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979). Evidence in the record reveals that the prosecutor was aware of two prior convictions of the defendant as early as July, 1979. We also note that *Fountain, supra,* was a case which arose in the same county as that in which the defendant was charged in this case. Certainly the prosecuting attorney should be charged with being aware of that court's decision in *Fountain. Fountain, supra,* held that a prosecutor who has knowledge of a defendant's prior felonies must file habitual offender charges promptly, if at all. Hence an information charging same should have been filed promptly after the prosecutor had knowledge of *Fountain.* Yet this was not done. In fact, it never has been filed. This is true in spite of the fact that the prosecutor stated that part of the agreement was that the people would not proceed upon the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

habitual offender information which had already been filed.

In *People v Martin,* 100 Mich App 447, 459; 298 NW2d 900 (1980), this Court held that, after *Fountain,* a habitual offender information will not be considered "promptly" filed unless it is filed at least prior to the initiation of any plea negotiations. The Court in *Martin* went on to say:

"Use of the threat of supplementation in plea negotiations will always, it seems to us, carry with it the appearance at least of an attempt by the prosecutor to coerce a guilty plea which may not otherwise have been offered. *Fountain* changes the previous law, therefore, in that in order to avoid even the appearance of prosecutorial impropriety it makes the *Stratton/Hatt [People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968), *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970)] procedure mandatory in the sense that failure to follow it will preclude the prosecution from proceeding on an habitual offender charge even absent a showing of prejudice to the defendant resulting from delay in filing the supplemental information."

Since in this case no habitual offender information was ever filed, much less prior to the initiation of any plea negotiations, we accordingly set aside defendant's guilty plea and remand for trial.

Reversed and remanded.