PEOPLE v ROBINSON

Docket No. 58317. Submitted March 10, 1982, at Lansing.—Decided June 9, 1982.

Defendant, Stanford C. Robinson, was charged with breaking and entering an occupied dwelling with the intent to commit larceny. During his arraignment in the Calhoun Circuit Court, defendant pled guilty pursuant to an agreement by which the prosecutor agreed to dismiss a supplemental information and was convicted, Paul Nicolich, J. However, at the time of defendant's plea, the prosecutor had not filed a supplemental information. Defendant appeals, alleging that his plea bargain was illusory because it was induced by the prosecution's promise not to file a supplemental information which the prosecutor was legally estopped from filing. According to defendant, the prosecutor was required to file a supplemental information at the same time the information on the breaking and entering was filed. *Held:*

A prosecutor who knows a person has a prior felony record must proceed promptly, if at all, against the person as a habitual offender. A supplemental information is filed promptly if it is filed not more than 14 days after arraignment in circuit court on the information charging the underlying felony or before trial, if the defendant is tried within the 14-day period. The plea bargain was not illusory.

Affirmed.

CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTAL INFORMATION.

A prosecutor who knows a person has a prior felony record must proceed promptly, if at all, against the person as a habitual offender; a supplemental information is filed promptly if it is filed not more than 14 days after arraignment in circuit court on the information charging the underlying felony or before trial, if the defendant is tried within the 14-day period.

REFERENCE FOR POINTS IN HEADNOTE

39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 20, 21.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Conrad J. Sindt,* Prosecuting Attorney, and *John H. MacFarlane,* Chief Assistant Prosecuting Attorney, for the people.

*Ronald J. Bretz,* Assistant State Appellate Defender, for defendant on appeal.

Before: M. J. KELLY, P.J., and T. M. BURNS and MACKENZIE, JJ.

M. J. KELLY, P.J. Defendant, Stanford Robinson, was charged with breaking and entering an occupied dwelling with the intent to commit larceny, MCL 750.110; MSA 28.305. During his circuit court arraignment, defendant pled guilty pursuant to an agreement by which the prosecutor agreed to dismiss a supplemental information. However, at the time of defendant's plea, the prosecutor had not filed a supplemental information. Defendant was sentenced to between 5 and 15 years imprisonment.

On appeal, defendant argues that his plea bargain was illusory because it was induced by the prosecution's promise not to file a supplemental information which the prosecutor was legally estopped from filing. According to defendant, the prosecutor was required to file the supplemental information at the same time the information on the breaking and entering charge was filed.

In *People v Fountain,* 407 Mich 96, 98-99; 282 NW2d 168 (1979), the Supreme Court stated:

"A prosecutor who knows a person has a prior felony record must promptly proceed, if at all, against the person as an habitual offender. *People v Hatt,* 384 Mich 302; 181 NW2d 912 (1970); *People v Stratton,* 13 Mich App 350; 164 NW2d 555 (1968). The prosecutor is not foreclosed from proceeding against a person as an habit-

ual offender after conviction on the current offense provided he is unaware of a prior felony record until after the conviction. MCL 769.13; MSA 28.1085. The only recognized exception to this rule is when the delay is due to the need to verify out-of-state felony convictions based on the 'rap sheet'. *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976).

"Here the prosecutors must be presumed to have known of the defendants' prior felony records because their respective offices prosecuted the prior felonies. The habitual offender charges should have been filed with the information which charged the last felony to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety."

There was a split of opinion in this Court concerning when the prosecutor was required to file a supplemental information. Some panels of this Court have found that *Fountain* requires the prosecutor to file the supplemental information with the information which charged the last felony. *People v Stein,* 99 Mich App 781, 787; 298 NW2d 638 (1980); *People v Reese,* 97 Mich App 785, 789; 296 NW2d 172 (1980). Other panels of this Court have held that the prosecutor complies with *Fountain* if he proceeds promptly against a defendant as an habitual offender when he becomes aware of a prior felony record. *People v Leitner,* 105 Mich App 681, 684; 307 NW2d 405 (1981); *People v Haywood,* 97 Mich App 621, 624; 296 NW2d 127 (1980). Finally, some panels of this Court have held that the supplemental information must be filed prior to the initiation of any plea negotiations. *People v Martin,* 100 Mich App 447, 459; 298 NW2d 900 (1980); *People v Griffis,* 107 Mich App 764, 766; 309 NW2d 583 (1981).

The Supreme Court has recently clarified its holding in *Fountain.* In *People v Shelton,* 412 Mich 565, 568; 315 NW2d 537 (1982), the Supreme

Court held that the prosecutor must proceed promptly to file a supplemental information and rejected the proposition that the supplemental information had to be filed simultaneously with the information on the underlying felony. The Court defined promptly to mean that the prosecutor must file the supplemental information not more than 14 days after the defendant is arraigned in circuit court on the information charging the underlying felony or before trial, if the defendant is tried within that 14-day period. *Id.,* 569. The Court's decision in *Shelton* was to apply to cases in which the defendant was arraigned in circuit court after the date of the opinion's release, February 1, 1982.

While *Shelton* is not applicable to this case, its reasoning clarifies the holding in *Fountain.* The *Fountain* Court did not intend to announce a requirement that the prosecutor file a supplemental information at the same time the information on the underlying felony was filed. Rather, the Court required that the prosecutor proceed promptly against the defendant as an habitual offender. It is equally clear that *Fountain* did not require the prosecutor to file the information prior to beginning the plea-bargaining procedure. In this case, defendant's plea was entered on the same date as his arraignment in circuit court. If defendant had chosen not to plead, the prosecutor would have fulfilled the requirements of *Fountain* if he had promptly filed the supplemental information. The defendant's plea was exchanged for a promise by the prosecutor that he would dismiss the supplemental information. Since the prosecutor could have filed a supplemental information after the arraignment, the defendant's plea was not illusory.

Defendant's conviction is affirmed.