PEOPLE v GANT

Docket No. 62617. Submitted September 8, 1983, at Lansing.—Decided
February 6, 1984.

Defendant, Wilford L. Gant, pled guilty to armed robbery, pursu-
ant to a plea and sentencing agreement, in the Genesee Circuit
Court. The trial court, Thomas C. Yeotis, J., sentenced defen-
dant to from 10 to 20 years imprisonment pursuant to the
sentencing agreement. Under the plea agreement, charges
pending against the defendant in the Genesee Circuit Court for
uttering and publishing a forged check and carrying a con-
cealed weapon were dismissed at the prosecutor's request and
the prosecutor agreed not to file a supplemental information
against the defendant as an habitual offender. Defendant ap-
peals raising three issues: (1) should the plea be vacated be-
cause defendant was not advised when pleading guilty that
armed robbery is a nonprobationable offense, (2) should the
plea be vacated because defendant was not advised of the
mandatory minimum sentence for armed robbery, and (3) was
the plea the result of an illusory plea bargain? *Held:*

1. The trial court did not err in failing to advise the defen-
dant that he could not be placed on probation. Supreme Court
precedent holds that where there is a sentence bargain and
defendant is sentenced to prison in accordance therewith, the
failure to inform the defendant that the offense charged is
nonprobationable is not error.

2. There was no error in advising the defendant that he could
be sentenced to "any term of years". The failure to explicitly
refer to a mandatory minimum sentence preceding the words
"any term of years" was not error.

3. The plea bargain was not illusory. Supreme Court prece-
dent having prospective application from February 1, 1982,
which requires that the prosecutor promptly proceed against a
defendant as an habitual offender within 14 days after the
information is filed, is not applicable here since the prosecutor

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 476, 477.
[3, 4] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
§ 17.5.

agreed not to file a supplemental information on October 14, 1981.

The conviction and sentence are affirmed.

D. E. HOLBROOK, JR., P.J., dissented. He would hold defendant's guilty plea to be illusory since a supplemental information charging defendant as an habitual offender was not promptly filed prior to the initiation of the plea negotiations. He would set the plea aside and remand for a trial.

OPINION OF THE COURT

1. CRIMINAL LAW — GUILTY PLEAS — NONPROBATIONABLE OFFENSES — COURT RULES.

A trial court's failure to comply with the court rule which requires the court to advise a defendant who is pleading guilty to murder, armed robbery or treason that he cannot be placed on probation is not error where there is a sentence bargain and the defendant is sentenced to prison in accordance therewith (GCR 1963, 785.7[1][f]).

2. ROBBERY — ARMED ROBBERY — GUILTY PLEAS — MINIMUM SENTENCES.

A trial court's failure to explicitly refer to a mandatory minimum sentence in advising a defendant who is pleading guilty to armed robbery that the offense is punishable by "life or any term of years" is not error (MCL 750.529; MSA 28.797).

3. CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTAL INFORMATIONS.

A prosecutor who knows a defendant has a prior felony record must promptly proceed, it at all, against the defendant as an habitual offender; the term "promptly" has been interpreted to require the prosecutor to file such a supplemental information within 14 days after the information is filed in all cases in which the defendant is arraigned in circuit court on the information charging the underlying felony after February 1, 1982.

DISSENT BY D. E. HOLBROOK, JR., P.J.

4. CRIMINAL LAW — HABITUAL OFFENDERS — SUPPLEMENTAL INFORMATIONS.

*A prosecutor who knows a defendant has a prior felony record must promptly proceed, if at all, against the defendant as an habitual offender; an habitual offender information will not be considered "promptly" filed unless it is filed at least prior to the initiation of any plea negotiations.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*George R. Darrah,* for defendant on appeal.

Before: D. E. Holbrook, Jr., P.J., and R. B. Burns and Allen, JJ.

Allen, J. On October 14, 1981, pursuant to a plea and sentencing agreement, defendant pled guilty to armed robbery, MCL 750.529; MSA 28.797. Under the sentencing agreement, announced by Judge Yeotis, defendant was to be sentenced to prison for a term of 10 to 20 years. Under the plea agreement, announced by the prosecutor, two other charges pending against defendant in the Circuit Court for Genesee County would be dismissed; an uttering and publishing a forged check charge pending before Judge Freeman and a carrying a concealed weapon charge pending before Judge Ransom. In addition, the prosecution agreed it would not file a supplemental information charging the defendant as an habitual offender.

In taking defendant's plea, Judge Yeotis complied with all the requirements of GCR 1963, 785.7, except he failed to advise defendant that he could not be placed on probation, as required by subrule 785.7(1)(f), which requires the trial court to advise a guilty-pleading defendant that if the plea is to "murder, armed robbery or treason, he cannot be placed on probation". Failure to so advise a defendant was held to be reversible error in *People v Rogers,* 412 Mich 669; 316 NW2d 701 (1982). Also, the trial court made no mention of a mandatory minimum sentence for armed robbery.

Defendant appealed as of right to this Court and on April 26, 1982, defendant's court-appointed attorney filed an *Anders* motion to withdraw on grounds that "he knows of no grounds on which an appeal can be successfully taken". *Anders v California,* 386 US 738; 87 S Ct 1396; 18 L Ed 2d 493 (1967). Counsel's motion was denied by order of this Court dated December 29, 1982, and counsel was ordered to submit a brief addressing three questions: (1) Should the plea be vacated because defendant was not advised that the offense to which he pled was nonprobationable; (2) Should the plea be vacated because defendant was not advised of the mandatory minimum sentence for armed robbery; (3) Was the plea the result of an illusory plea bargain? In compliance with this order, the parties have submitted briefs as directed.

When this Court rejected defense counsel's motion to withdraw, it did so, in part at least, because the Supreme Court had clearly held that failure to advise a defendant charged with armed robbery that he would not be placed on probation was error. *Rogers, supra.* However, in April, 1983, in *People v Jackson,* 417 Mich 243; 334 NW2d 371 (1983), the Supreme Court reversed itself, overruled *Rogers* and held that where there is a sentence bargain and defendant is sentenced to prison in accordance therewith, failure to inform the defendant that the offense charged is nonprobationable is not error:

"This Court's opinion in *Rogers* does not indicate the sentence imposed on Rogers. Rogers was, however, sentenced in accordance with a sentence bargain. This Court nevertheless reversed Rogers' conviction because of the failure to advise him that he could not be placed on probation. * * *

"We are now of the opinion that a failure to advise a defendant pleading guilty that an offense is not probationable or of the maximum and minimum sentences which could be imposed should not be regarded as reversible error per se where there is a sentence bargain and the defendant has been sentenced in accordance with the bargain." *Jackson,* pp 245-246.

Accordingly, we find no error on this issue in the case before us.

Likewise, we find no error on the second issue. At the plea taking, defendant was advised by the prosecutor of the sentence possibilities as follows:

"And you understand that is punishable by life or any term of years, unless aggravated assault or serious injury is involved, then no less than two years? You understand under the law that is the penalty?"

This is a correct statement of the law. The only possible ground for error is the trial court's failure to explicitly refer to a mandatory minimum sentence. We don't feel that the omission of the words "mandatory minimum sentence" preceding the words "or any term of years" quoted above is grounds for error.[1] *People v Harper,* 83 Mich App 390; 269 NW2d 470 (1978), and *People v Lendzian,* 80 Mich App 323; 263 NW2d 360 (1977), hold that advising a defendant that the mandatory minimum sentence for armed robbery is "any number of years" is sufficient. Furthermore, in *People v Seays,* 126 Mich App 171, 175; 337 NW2d 46 (1983), our Court stated:

"[W]e do not deem it an absolute necessity for defen-

---

[1] See *People v Blythe,* 417 Mich 430; 339 NW2d 399 (1983), where the Supreme Court held that the phrase "for life or for any term of years" in the armed robbery statute refers to the maximum sentence and does not include a mandatory minimum sentence.

dant to be given an actual minimum figure at the time of sentencing. To the extent that telling defendant the mandatory minimum prison sentence for armed robbery is 'any term of years' misleads, it does not harm defendant. The phrase 'any term of years' literally means at least two years. See *People v Burridge,* 99 Mich 343, 345; 58 NW 319 (1894). Where a defendant assumes that this literal construction of 'any term of years' is meant (and it certainly would be unreasonable for him to assume anything else) but nonetheless is willing to plead guilty, it is impossible to believe that he would not have chosen to plead guilty knowing he might obtain a prison sentence as light as one year and one day. Accordingly, we do not believe the court's advice here warrants vacating defendant's plea-based conviction."

The third issue raises a more difficult question. Was the plea illusory in part? The transcript discloses that at the time the prosecution promised not to file a supplemental information, one had not been filed and it was too late for the prosecution to file a supplemental information. The information was filed July 17, 1981, and the promise not to file a supplemental information was made October 14, 1981. Under *People v Fountain,* 407 Mich 96, 98; 282 NW2d 168 (1979), the Supreme Court held that a prosecutor who knows a person has a prior felony record "must *promptly* proceed, if at all, against the person as an habitual offender". (Emphasis added.) Confusion as to just how promptly the prosecution was required to move was eliminated in *People v Shelton,* 412 Mich 565; 315 NW2d 537 (1982). In that case the Supreme Court held that "promptly" meant 14 days after the information is filed. In the instant case, almost three months elapsed between the date the information was filed and the date the prosecutor agreed not to file a supplemental infor-

mation. *Ergo,* argues the defendant, under *Shelton* the prosecutor was precluded from filing a supplemental information and, thus, the agreement to not file a supplemental information was illusory.

However, *Shelton* was not decided until February 1, 1982, and its holding was explicitly made prospective:

"Finally, we hold that this decision shall apply to cases in which the defendant is arraigned in circuit court on the information charging the underlying felony after the date of the release of this opinion." 412 Mich 569-570.

On October 14, 1981, when the prosecution agreed not to file a supplemental information, the 14-day requirement was not applicable. Thus, this case is governed by the applicable law on the meaning of "promptly" between the decision date in *People v Fountain, supra,* decided August 28, 1979, and the decision date in *Shelton* on February 1, 1982. In that interim period, this Court was split as to how promptly and under what circumstances a prosecutor should file a supplemental information. Some panels held that *Fountain* required the supplemental information to be filed with the information which charged the last felony. *People v Stein,* 99 Mich App 781, 787; 298 NW2d 638 (1980); *People v Reese,* 97 Mich App 785, 789; 296 NW2d 172 (1980). Other panels took a more lenient view, holding that *Fountain* required no more than that the prosecutor proceed promptly against a defendant as an habitual offender once the prosecution becomes aware of a prior felony record. *People v Haywood,* 97 Mich App 621, 624; 296 NW2d 127 (1980); *People v Leitner,* 105 Mich App 681, 684; 307 NW2d 405 (1981). Both *Haywood* and *Leitner,*

as in the case before us, involved plea bargains
where the prosecution agreed not to file a supple-
mental information if a plea was entered to the
underlying offense. However, two other panels
reached a result contrary to *Haywood* and *Leitner,*
holding that a plea is illusory unless the supple-
mental information is filed prior to the initiation
of plea negotiations. *People v Martin,* 100 Mich
App 447, 459; 298 NW2d 900 (1980); *People v
Griffis,* 107 Mich App 764, 766; 309 NW2d 583
(1981).

Given the confused state of the law as to the
meaning of *Fountain* prior to its clarification by
the Supreme Court in *Shelton, supra,* we decline
to hold the plea bargain in the instant case illu-
sory. At least two decisions of this Court clearly
supported the validity of the plea bargain. Fur-
thermore, as early as July 31, 1981, the case was
scheduled for trial on December 1, 1981. Clearly
defendant had fair notice and ample time in which
to prepare for trial if he decided not to agree to
the plea bargain. Finally, we note that our conclu-
sion in this regard is supported by this Court's
opinion in *People v Robinson,* 117 Mich App 63;
323 NW2d 594 (1982). In that case the defendant
pled guilty to the offense charged pursuant to an
agreement by the prosecution to dismiss a supple-
mental information. At the time of the plea, the
supplemental information had not been filed. On
appeal, the defendant argued that the plea was
illusory because under *Shelton* and *Fountain* the
prosecution was precluded from filing the supple-
mental information. This Court disagreed, holding
that *Shelton* was not applicable because it was
prospective, and holding that *Fountain* did not
require that the supplemental information be filed
before the beginning of plea bargaining:

"While *Shelton* is not applicable to this case, its reasoning clarifies the holding in *Fountain.* The *Fountain* Court did not intend to announce a requirement that the prosecutor file a supplemental information at the same time the information on the underlying felony was filed. Rather, the Court required that the prosecutor proceed promptly against the defendant as an habitual offender. It is equally clear that *Fountain did not require the prosecutor to file the information prior to beginning the plea-bargaining procedure."* 117 Mich App 66. (Emphasis added.)

Accordingly, we find no error on the third issue.

Defendant's plea-based conviction and sentence are affirmed.

R. B. Burns, J., concurred.

D. E. Holbrook, Jr., P.J. *(dissenting).* I respectfully dissent. I would hold defendant's guilty plea to be illusory for the reasons stated in *People v Griffis,* 107 Mich App 764; 309 NW2d 583 (1981). Accordingly, I would set aside said plea and remand for trial.