PEOPLE v SHEETS

Docket No. 73163. Submitted April 11, 1984, at Lansing.—Decided
    November 7, 1984.

Ronald D. Sheets was convicted, on his plea of guilty, of felonious
    assault, Eaton Circuit Court, Richard M. Shuster, J. As part of
    the plea bargain the prosecutor agreed not to file a supplemen-
    tal information charging defendant as an habitual offender.
    Defendant appealed, alleging that his plea bargain was illusory
    because the prosecutor had failed to file promptly any supple-
    mental information and was thus precluded from doing so, that
    there was not an adequate factual basis for acceptance of his
    guilty plea, and that he received ineffective assistance of coun-
    sel. *Held:*

    1. A supplemental habitual offender information is consid-
    ered to be filed promptly if it is filed no more than 14 days
    after arraignment or waiver of arraignment, or before trial if
    the defendant is tried within that 14-day period. In this case
    the prosecutor, at the time defendant's plea was taken, could
    still have filed a supplemental information in a timely manner.

    2. The failure to file any supplemental information did not
    render the bargain illusory. It was not necessary for the prose-
    cutor to file the information and then withdraw it pursuant to
    the plea bargain.

    3. The defendant's plea provided an adequate factual basis
    for a finding that defendant had the requisite intent for a
    conviction of felonious assault and that he had used his auto-
    mobile as a "dangerous weapon".

    4. Defendant's allegation of ineffective assistance of counsel is
    without merit.

    Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
    §§ 20, 21.
[2] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders § 22.
[3, 5] 6 Am Jur 2d, Assault and Battery § 48 *et seq.*
[4] 21 Am Jur 2d, Criminal Law § 489.
[5] 7A Am Jur 2d, Automobiles and Highway Traffic §§ 345, 346.
    Automobile as dangerous or deadly weapon within meaning of
    assault or battery statute. 89 ALR3d 1026.

1. CRIMINAL LAW — SUPPLEMENTAL INFORMATION — HABITUAL OF-
FENDERS.

A supplemental habitual offender information is considered to be
filed promptly if it is filed no more than 14 days after the
defendant is arraigned, or waives arraignment, on the informa-
tion charging the underlying felony or is filed before trial if the
defendant is tried within that 14-day period.

2. CRIMINAL LAW — GUILTY PLEAS — SUPPLEMENTAL INFORMATION —
PLEA BARGAIN.

A plea bargain is not rendered illusory by a prosecutor's failure
to actually file a supplemental habitual offender information
against a defendant where the promise not to file a supplemen-
tal information was a part of the bargain and where the
prosecutor could have properly filed the supplemental informa-
tion at the time the plea was taken.

3. ASSAULT AND BATTERY — FELONIOUS ASSAULT — INTENT.

The intent necessary for a conviction of felonious assault is either
an intent to injure or an intent to put the victim in reasonable
fear or apprehension of an immediate battery (MCL 750.82;
MSA 28.277).

4. CRIMINAL LAW — GUILTY PLEAS — FACTUAL BASIS FOR PLEA.

A factual basis for a guilty plea exists if an inculpatory inference
can reasonably be drawn by a jury from the facts admitted by
the defendant even if an exculpatory inference could also be
drawn and the defendant asserts that the latter is the correct
inference.

5. ASSAULT AND BATTERY — FELONIOUS ASSAULT — AUTOMOBILES —
DANGEROUS WEAPONS.

An automobile may be a "dangerous weapon" for purposes of
convicting a defendant of felonious assault where it is used in
furtherance of accomplishing an assault and is capable of
inflicting serious injury (MCL 750.82; MSA 28.277).

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *Paul F. Berger,* Prose-
cuting Attorney, and *K. Davison Hunter,* Assistant
Prosecuting Attorney, for the people.

*Thomas H. Bissell,* for defendant on appeal.

Before: BRONSON, P.J., and MACKENZIE and J. L. BANKS,* JJ.

PER CURIAM. Defendant appeals as of right his plea-based conviction of the charged offense of two counts of felonious assault, MCL 750.82; MSA 28.277. Defendant's plea of guilty to the two counts charged was pursuant to a plea bargain according to which the prosecutor agreed not to file a supplemental information charging defendant as a habitual offender.

Defendant's first claim on appeal is that the plea bargain was illusory since the prosecutor failed to file promptly any supplemental habitual offender information, thus precluding the prosecutor from proceeding with a habitual offender charge and rendering his promise not to file a supplemental information a nullity. Under the rule articulated in *People v Shelton,* 412 Mich 565; 315 NW2d 537 (1982), which is applicable to the present case, a supplemental habitual offender information is promptly filed if it is filed no more than 14 days after the defendant is arraigned or waives arraignment on the information charging the underlying felony, or before trial if the defendant is tried within that 14-day period. Defendant's plea of guilty was entered and accepted on the date scheduled for defendant's arraignment on the information. Hence, at the time defendant's plea was taken, the prosecutor still could have timely filed a supplemental habitual offender information. Defendant's plea bargain was not illusory in the sense that the prosecutor could not have met the prompt filing requirement. Compare *People v Robinson,* 117 Mich App 63; 323 NW2d 594 (1982).

Nevertheless, defendant argues that since filing of a supplemental information is a prerequisite to

---

* Circuit judge, sitting on the Court of Appeals by assignment.

proceeding with a habitual offender charge, and since the prosecutor failed to file any supplemental information, the 'plea bargain was illusory. This contention is without merit. Were we to adopt defendant's reasoning, prosecutors would never be able, as part of a plea agreement, simply to promise not to file a supplemental habitual offender information; rather, prosecutors would be required to first file the supplemental information, even knowing that they intend to withdraw it later, and then promise to withdraw it. We do not believe a valid plea bargain requires such a useless formality. It is sufficient for the prosecutor to promise not to file a supplemental information, and the plea bargain is not illusory if, as in the instant case, the prosecutor could have timely filed the supplemental information when the defendant's plea is taken. Also, to hold the plea bargain to be illusory because of the prosecutor's failure to file the supplemental information would do violence to the terms of the plea bargain, since the obvious reason the prosecutor did not file the supplemental information was because he had promised not to do so.

Defendant's reliance on *People v Martin,* 100 Mich App 447, 459; 298 NW2d 900 (1980), and *People v Griffis,* 107 Mich App 764; 309 NW2d 583 (1981), is misplaced. To the extent those decisions interpreted the "prompt filing" requirement of *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), to mean that the supplemental habitual offender information must be filed prior to the initiation of plea negotiations, *People v Shelton, supra,* has since clarified that *Fountain* did not purport to require filing of the supplemental information prior to initiation of plea bargaining. *People v Robinson, supra,* p 66. Indeed, even prior to the Supreme Court's clarifying *Shelton* decision,

the holding in *People v Martin* that *Fountain* requires filing prior to commencement of plea negotiations, which holding was followed in *People v Griffis,* was repudiated as erroneous in *People v Ruff,* 108 Mich App 716, 724; 310 NW2d 852 (1981).

Defendant's second claim on appeal is that there was not an adequate factual basis for his guilty plea, GCR 1963, 785.7(3)(a), since there was no indication that defendant possessed the requisite criminal intent to support his conviction of felonious assault. The intent element for felonious assault, MCL 750.82; MSA 28.277, is "either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery". *People v Joeseype Johnson,* 407 Mich 196, 210; 284 NW2d 718 (1979). At the plea-taking proceeding, defendant first stated that while driving his car he saw two people emerge from between two parked cars, they ran out in front of his car, he slammed on the brakes, and the car then slid sideways toward the two people. Subsequently, the following exchange between the trial court and defendant occurred:

"*The Court:* But, before you did that [i.e., slammed on the brakes], were you intending to scare them?

"*The Defendant:* Yeah, I basically believe that's what my intentions were, to maybe get them out of the way of the front of the car. So, I could go on through to maybe scare them, yes.

"*The Court:* To not respond to their efforts as officers to stop you?

*The Defendant:* Yes."

This admission by defendant provided an adequate factual basis as to the requisite intent for felonious assault. That defendant did not at first describe his intention before applying the brakes, and then did

so in a somewhat equivocal manner, did not preclude the court from accepting defendant's tendered guilty plea:

"A factual basis for acceptance of a plea exists if an inculpatory inference can reasonably be drawn by a jury from the facts admitted by the defendant even if an exculpatory inference could also be drawn and defendant asserts the latter is the correct inference." *Guilty Plea Cases,* 395 Mich 96, 130; 235 NW2d 132 (1975); also see *People v Tilliard,* 98 Mich App 17, 19; 296 NW2d 180 (1980).

We further find that defendant's admission that he continued to drive his automobile toward the two persons with the intention of scaring them, prior to applying the brakes, provided a sufficient factual basis for concluding that defendant used his automobile as a "dangerous weapon" in contravention of the felonious assault statute, MCL 750.82; MSA 28.277. Defendant used the automobile in furtherance of accomplishing the assault, and the automobile was capable of inflicting serious injury. *People v Goolsby,* 284 Mich 375, 378; 279 NW 867 (1938).

Defendant's third and final claim, that he received ineffective assistance of counsel at the guilty plea proceeding, is without merit. We cannot agree with defendant that defense counsel "took on the role of prosecutor" by responding to the court's inquiry into the intent required for conviction of felonious assault. Furthermore, although defense counsel may have misstated the requisite intent for felonious assault, any mistake was harmless since, as explained above, there was a sufficient factual basis establishing the requisite intent.

Affirmed.